SWIFT & COMPANY V. FRANK HOLOUBEK.

FILED NOVEMBER 21, 1900. No. 11,178.

1. **Negligence:** EVIDENCE: VERDICT. In an action for negligence by reason of alleged defective machinery, whereby a plaintiff, who was assisting in the operation of such machinery, receives injuries resulting in the loss of three fingers and a part of the left hand, *held*, that the evidence of negligence was sufficient to support the verdict of the jury.

2. **Question of Fact.** *Held, also*, The evidence being contradictory as to whether the machinery, and especially the part alleged to be defective, was in all respects similar and the same as like classes of machinery in common and ordinary use, that the question of negligence was not one of law but of fact, properly within the province of the jury to determine.

3. **Verdict:** PASSION AND PREJUDICE. As to whether the verdict is so large as to make it apparent that it was rendered under the influence of passion and prejudice is not determined.

4. **Instructions.** The refusal to give instruction requested copied in the opinion, *held*, not to be erroneous.

5. ———. The giving of two instructions copied in the opinion *held* to be erroneous.

6. **Negligence:** PRESUMPTION. Negligence will not be presumed in the absence of facts and circumstances from which its existence may reasonably be inferred; the presumption, if any may be indulged in, is that all parties acted with ordinary care, and this presumption continues until overthrown by evidence. *Spears v. Chicago, B. & Q. R. Co.*, 43 Nebr., 720.

7. ———: DAMAGES: RECOVERY. Where, in an action by employee against an employer, one of the causes contributing to the injury for which recovery is sought in damages, being the alleged negligent action of the employer in permitting the

floor where plaintiff stood to become wet and slippery, a finding in favor of the plaintiff as to such act of negligence can only be had when it affirmatively appears by proof that the employer has failed in the exercise of reasonable care in providing the employee a reasonably safe place in the prosecution of the work required.

8. Instructions: EVIDENCE: PLEADINGS. Instructions to a jury are required to be applicable to the evidence and grounded upon the pleadings in a case.

9. ———. Instructions which assume the possible existence of a material fact, to support which there is no evidence, as where a question is submitted as to the alleged negligence of a defendant by reason of the wet and slippery condition of the floor where the plaintiff stood while operating a machine by which an injury was received, and authorizing a recovery if the jury found the defendant negligent in respect to the condition of the floor, and there being no evidence tending to prove that such condition was an act of negligence; *held*, the giving of such instruction to be erroneous.

ERROR to the district court for Douglas county. Tried below before SLABAUGH, J. *Reversed.*

*I. R. Andrews* and *Brome & Burnett,* for plaintiff in error.

*J. L. Kaley, contra.*

HOLCOMB, J.

In an action for negligence, defendant in error, plaintiff below, recovered a verdict and judgment for the sum of $11,500, for the reversal of which this proceeding in error was instituted. The case has once prior been before this court and reversed for errors in instructions given to the jury, the opinion being found in *Swift v. Holoubek,* 55 Nebr., 228.

The defendant, plaintiff in error, is a corporation engaged in the dressed meat business, and has in operation in South Omaha an establishment commonly known as a packing house. The plaintiff, at the time of the transactions pleaded in the petition, a boy between fourteen and fifteen years of age, was in the employ of the defendant. At the time of the injury complained of, and

for only a short time previous thereto, he was with others engaged in operating a machine for cleaning hog casings or entrails.  He had never worked with the machinery before, and after being instructed by those with whom he was working, he assisted in the operation of the machinery, and while thus at work, he seems to have slipped in such a manner as to throw him toward the machine, causing him to thrust his hand under a shield and into some rapidly revolving knives or scrapers, causing the injury which is made the basis of this action.

It is alleged, in substance, that the plaintiff was injured by having three fingers and a part of the left hand cut off and destroyed by revolving knives or scrapers in a hog casing cleaning machine, in the operation of which he was assisting in the cleaning of hog casings; that the machine was defective, dangerous, and unfit for use, more especially in that the space between the shield covering the revolving knives or scrapers and the drum of said machine was greater than it should have been if properly constructed and attached to the machinery, thereby allowing plaintiff's hand to be drawn into and under said shield and come in contact with said revolving knives, causing the injury as aforesaid; that if the shield had been properly constructed and attached to the machinery, the space between it and the drum of the machine would not have exceeded an eighth to a quarter of an inch, when in truth and in fact the space was an inch or over.

It is also alleged that the defendant was negligent in permitting the floor about the machine where plaintiff stood while assisting in its operation to become wet, greasy, and slippery, and negligently and carelessly failed to provide and use, or cause to be used, salt or other suitable substance for sprinkling over the floor where plaintiff stood, by reason of which plaintiff slipped and fell forward, thus contributing to the injury as aforesaid.

The answer denied that the machinery was defective

or improperly constructed, or that defendant was guilty of negligence in that respect. As to the allegation of negligence in regard to the condition of the floor, it admitted that the floor was wet and slippery at the time of the accident, but alleged that such was the common and ordinary condition of the floor at all times while the machine was in operation, and that such condition was a necessary consequence to the operation of the machine; and that it could not be operated without the floor becoming wet and slippery; that the plaintiff knew when he commenced the work of the condition of the floor, and knew that it was the usual and ordinary condition while the machine was in operation.

It is urged that the evidence fails to establish negligence on the part of the defendant, or a reasonable inference of negligence, and for that reason the verdict and judgment can not be sustained, and that error was committed by the trial court in not instructing the jury peremptorily, as requested by the defendant, to return a verdict in its favor. To this we can not assent. An examination of the evidence convinces us that it was sufficient, not only to justify, but to require, the submission of the question to the jury as to the alleged negligence of the defendant with regard to the machinery alleged to be defective and improperly constructed, by reason of which the plaintiff suffered the injury. Without an attempt at reference to the evidence in detail on this point, we deem it sufficient to say, that with respect to the manner of the construction, arrangement, and attachment of the shield covering the revolving knives or scrapers in the machine used for cleaning the casings, the whole record is pregnant with evidence in support of the issues raised by the pleadings with respect to such matter. The theory of plaintiff's case rested upon the proposition, that the shield was improperly and negligently constructed, and was attached to the machinery in such a manner as to make the space between the knives and the revolving drum an inch or over, and sufficient to permit the hand to

pass into the rapidly revolving knives; when the proper construction would have allowed but an eighth to a quarter of an inch space, and thus prevented the possibility of the happening of an injury similar to that suffered by the plaintiff. Evidence was offered in support of his contention in this regard. On the contrary, the defendant maintained that the shield was properly constructed and attached, and that it was only about one eighth to one fourth of an inch from the drum, thus, in effect, conceding that a proper construction would leave a space only of the distance last mentioned.

The evidence shows that in the operation of the machine, the casings were placed on a slowly revolving drum and passed under the rapidly revolving knives or scrapers for the purpose of scraping or cleaning them, and that in the performance of the work, it was the duty of one of the operators, in this instance the plaintiff, to take hold of the casings near to the shield covering the revolving knives, conduct them between two revolving rollers which pressed them in the manner of a clothes wringer, after which they dropped into a receptacle beneath. The motion of the drum was towards the plaintiff, and, as to where he stood, away from the revolving knives. In performing this work, it appears to have been usual for the operator to allow the left hand to rest on the drum near the revolving knives for partial support, and with the right hand manipulate the casings in the manner described. The shield was evidently for the purpose of protecting the operators of the machine from contact with the revolving knives, and, under plaintiff's theory, should be placed so near the drum as not to permit the hand to slip thereunder and against the knives or scrapers. A great deal of the evidence was directed to, and centred in the one proposition as to the proper and natural construction of the shield, and whether the one in controversy was thus constructed. The verdict of the jury can not be said to be unsupported by the evidence.

It is also urged that, as a matter of law under the undisputed evidence, the verdict can not be sustained because no negligence is shown. This contention is based on the assumption that the machinery, and especially the shield, was in all respects the same, and similar to the same class of machines, in common and ordinary use, and therefore in the use thereof, negligence can not be imputed to the defendant. We observe a sharp conflict in the evidence as to whether the shield, which it is claimed was defective and improperly attached, was the one forming a part of the machine as originally manufactured and constructed. Certainly there is evidence to show that it was not usual or customary to construct machines in the manner it is claimed the one in controversy was constructed. There is evidence to support the conclusion that a change in the manner of the original construction and attachment of the alleged defective machinery had occurred, if not the substitution of an entirely different article than the one manufactured with the machine. The issue we regard as purely one of fact, and upon which there is a conflict of the evidence, rendering the question one properly in the province of the jury for its determination.

It is also contended that the verdict of the jury is excessive, as a result of passion and prejudice, and for that reason should not be permitted to stand. We may say with respect to this matter, that the verdict appears rather large when considered in connection with the nature and extent of the injury. It appears somewhat larger than verdicts generally returned and upheld when an injury has been received of an extent and degree equal to, or even greater than that in the case at bar. Whether it is so excessive as to make it apparent that it was the result of passion and prejudice, we will not here determine. We only say that defendant's contention is worthy of serious consideration. In the examination of briefs of counsel, we have noticed a slight manifestation of feeling toward counsel, litigants, and witnesses on the opposite

side of the controversy, and if the same spirit prevailed in the heat of a stubbornly contested trial, we can conceive how the prejudices of a jury may possibly have been excited and their passions aroused to such a degree as to preclude the cool, calm and deliberate judgment which ought to be characteristic of all judicial proceedings.

The rulings of the court in the giving and refusal of several instructions are complained of, some of which only will be noticed. One instruction requested by the defendant and refused is as follows: "You are instructed as a matter of law, that an employee assumes the risks and dangers incident to his employment that are open, obvious and apparent, and respecting which he has the same knowledge and opportunity to observe possessed by the master, and in this case, you are instructed that respecting the condition of the floor and the presence of water thereon, at the place where plaintiff stood at the time the alleged injury was received, the danger of slipping, if you find there was such danger, was obvious and apparent and plaintiff assumed the risk incident to such condition; and if you find from the evidence in this case, that the injuries of which plaintiff complains were received by him by reason of slipping upon the floor, and further find that if plaintiff had not slipped he would not have been injured, then you are instructed that for such injuries defendant is not liable, in this case, and your verdict should be for the defendant." Error is sought to be predicated on the court's ruling regarding the instruction refused, as well as on instructions given referring to the same matter, which when taken together are especially urged as erroneous. Two instructions were given bearing upon the question of negligence with reference to the condition of the floor, which, omitting what refers to the alleged defective machinery, are as follows: "The burden of proof is upon the plaintiff in this case to establish by a preponderance of the evidence the material allegations in his petition which are denied in defendant's answer, that is, that the defendant  *  *  *  negligently

permitted the floor on which plaintiff stood, when operating the machine to be slippery as alleged, whereby plaintiff, without any negligence on his part, was injured, and the extent of the injury, and the damages caused thereby." And also instruction No. 11: "It is the duty of every master to conduct his business with reasonable care and prudence so as not to negligently or carelessly subject his servant to any danger not ordinarily incident to or connected with his employment, and it is the duty of the master to provide his servant with a reasonably safe working place  *  *  *,  and if the master fails in this regard, that is, fails to exercise such reasonable care and prudence in the conduct of his business, and fails to provide his servant with a reasonably safe working place,  *  *  *  and the servant is injured thereby, and for such reason, then the master is liable in damages for such injury, unless negligence or want of ordinary care of the plaintiff contributed to his injury."  The fault of the instructions given, it is urged, lies in the fact that they submitted to the jury as an issue of fact the wet and slippery condition of the floor, which was admitted, and permitted an inference of negligence by reason thereof and without any evidence to support the same.  Having admitted the wet and slippery condition of the floor, the defendant denied that it was negligently permitted to be so, and alleged that the same was its ordinary and natural condition and made necessary in the operation of the cleaning machine.  In effect, the defendant's position was that the condition of the floor was open, obvious and notorious, rendered necessary in the conduct of the business, and was one of the risks incident to the employment and assumed by the servant.  It will be observed that whatever the issue of fact as to negligence with respect to the condition of the floor, it was whether it was the usual, natural and ordinary one, and reasonably necessary to the operation of the machinery in the conduct of that branch of defendant's business.

In the petition it was averred, in addition to the al-

leged negligence regarding the slippery condition of the
floor, that the defendant had carelessly and negligently
failed to provide salt or other suitable substance to pre-
vent a person from slipping.    No evidence was intro-
duced tending to prove that it was usual or common to
use such material in the conduct and operation of a busi-
ness or work similar to that in which plaintiff was en-
gaged when injured.    At the request of defendant, an
instruction was given withdrawing from the jury the
question of negligence in regard to the failure of defend-
ant to use salt or other suitable substance to prevent a
person from slipping while operating the machine.    The
issue, however, as to the alleged negligence of the defend-
ant in regard to the condition of the floor, was submitted
to the jury in the instructions heretofore quoted, and
from them, whether properly or improperly, they were
permitted to infer negligence on the part of defendant
because the floor where plaintiff stood was wet and slip-
pery.    If it was error to submit to the jury, as an issue of
fact, the question of defendant's alleged negligence in
regard to the wet and slippery condition of the floor upon
which plaintiff stood while operating the machine, it is
quite clear that the error was not cured by the giving of
a correct instruction as to the alleged defective ma-
chinery, or the instruction withdrawing from the jury
the question of defendant's alleged negligence by reason
of its failure to place salt or other suitable substance on
the floor to prevent slipping.    *Richardson v. Halstead*, 44
Nebr., 606; *Carson v. Stevens*, 40 Nebr., 112; *First Nat.
Bank of Denver v. Lowrey*, 36 Nebr., 290.    The jury, from
the instructions given, were yet at liberty to find negli-
gence in defendant by reason of the wet and slippery
condition of the floor.

We do not think it was erroneous to refuse the instruc-
tion requested on this particular phase of the contro-
versy.    By it was excluded the idea of recovery by reason
of the alleged defective machinery, which, if plaintiff's
contention were true, was the direct and immediate cause

of the injury, even though the initial and moving cause may have been the slipping of plaintiff while standing where he was.  The fact of plaintiff's slipping, although no negligence was established on the part of the defendant with respect to the condition of the floor, would not preclude a recovery, if it be found that the machinery was improperly and imperfectly constructed and attached, by reason of which plaintiff's hand was permitted to pass under the shield and upon the revolving knives and thereby receive the injury, and that such defective and faulty machinery caused the injury or contributed thereto.  The error lies, we think, rather in the instructions given than in the one refused.  There is no evidence from which an inference of negligence may arise because of the slippery condition of the floor.  All the evidence bearing upon the point is uncontradictory, and shows beyond controversy that such was the usual, common, ordinary and necessary condition in the operation of the machine in cleaning hog casings for which it was used. In doing the work necessary to accomplish the desired object, much water was used, which was thrown under pressure on the casings, as from a sprinkler, and necessarily fell upon the floor, where it was permitted to collect in a gutter and pass off as waste.  It is difficult to conceive of a different condition in the prosecution of such work in a large packing establishment where much of the business is carried on by machinery, and the material handled in large quanities, as must necessarily be the case in establishments of the magnitude of defendant's and others situated in South Omaha.  We know of no rule by which the jury may infer negligence from the mere fact of the slippery condition of the floor, as in this case, without other evidence to support such inference. It is probably true, that circumstances may be such as to require the defendant, in the discharge of its duty as employer, to provide a reasonably safe place for its workmen in the prosecution of their labors, for the failure of which actionable negligence would be chargeable to it.

But in this case there is no evidence to support such a conclusion. The plaintiff, realizing the requirements of the law in this regard, sought to establish negligence by pleading that defendant failed to provide salt or other suitable substance to prevent slipping, but failing to furnish any testimony in support thereof, was compelled to abandon that issue in the case. Counsel for plaintiff contends that defendant in its answer admitted the allegations of the plaintiff that the floor was wet, greasy and slippery, and that it was negligently permitted to be so by the defendant, and argues that it was the duty of defendant to provide a platform or other device to prevent slipping, and therefore is unable to see why the jury might not so find. The argument does not commend itself for two reasons: first, it is not admitted that the slippery condition of the floor was an act of negligence,— on the contrary this is denied; and second, with the same degree of merit, it could be urged that duty required defendant to scatter salt or other substance to prevent slipping as that it should be required to provide a platform or other device for the same purpose, and it is conceded by all that under the evidence, not only was it proper, but it became necessary, to withdraw from the jury's consideration any question of negligence regarding the failure to use salt or other suitable substance. The same reason which prohibited the submission of one question existed as to the other. If duty required the use of a platform or other device to prevent slipping, then, in the absence thereof, it required the use of salt or other suitable substance for the same purpose. The reason for the obligation, if existing, applies alike to all the different methods by which the object may be accomplished. There was not only an utter lack of evidence tending to prove that it was usual or customary in such cases to throw salt or other substance on the floor to prevent slipping, but it is equally clear that there is nothing in the evidence from which the inference may be drawn that it is common, customary or usual in the prosecution of

work of the character under consideration in like establishments, that platforms or other devices are used as a precaution against slipping, or that, as a reasonable precaution for the safety of the employees, it could be regarded as the duty of the master to make some such provisions. Negligence will not be presumed in the absence of facts or circumstances from which its existence may reasonably be inferred. In the absence of evidence, the presumption, if any may be indulged in, is that all parties acted with ordinary care, and this presumption continues until overthrown by the evidence. *Spears v. Chicago, B. & Q. R. R. Co.*, 43 Nebr., 720. One of the causes contributing to the injury for which a recovery is sought in damages, being the alleged negligent action of the defendant in permitting the floor where plaintiff stood to become wet and slippery, a finding in favor of plaintiff as to such allegation can only be had when it affirmatively appears by proof that the employer has failed in the exercise of reasonable care in providing the employee with a reasonably safe place for the prosecution of the work required; and if the alleged negligence does not so affirmatively appear, there can be no recovery as to such issue. *Fenderson v. Atlantic City R. Co.*, 56 N. J. Law, 708. We do not wish to be understood as intimating that the condition of the floor was not a proper matter of evidence in establishing the facts and circumstances surrounding the transaction in which the injury was received to be considered with other facts and circumstances, for the purpose of determining defendant's alleged negligence in other respects, which caused or contributed to the injury received. What we mean to say is that we find nothing in the evidence or the pleadings warranting the submission to the jury the question of its existence as evidence of negligence on defendant's part, with reference to its duty to provide a reasonably safe place for plaintiff to stand in the prosecution of the work in which he was engaged. The rule is that instructions to a jury are required to be applicable to the evi-

dence and grounded upon the pleadings in a case. *Runge v. Brown*, 23 Nebr., 817; *Dorsey v. McGee*, 30 Nebr., 657. The instructions referred to assumed the possible existence of negligence on the part of the defendant by reason of the wet and slippery condition of the floor where the plaintiff stood, and authorized a recovery, if the jury found the defendant negligent in that regard. There was no evidence upon which the existence of such fact might be based. These instructions had the effect of authorizing the jury to find negligence on the part of the defendant with respect to the condition of the floor and return a verdict in plaintiff's favor, although at the same time they found that no right of action existed in favor of the plaintiff because of the alleged defective and improper construction of the machinery and the appliances connected therewith. This, we think, was error to the prejudice of the defendant. *City of Crete v. Childs*, 11 Nebr., 252; *Farmers Loan and Trust Co. v. Montgomery*, 30 Nebr., 33; *Consaul v. Sheldon*, 35 Nebr., 247.

Entertaining the views as above expressed, we regard the assignment of errors last discussed as being well taken, and although reluctant to do so, we must again reverse and remand the cause for further proceedings.

REVERSED AND REMANDED.