[No. 7994. Department One. October 11, 1909.]

MOSES HOLLAND et al., Appellants, v. NORTHERN PACIFIC RAILWAY COMPANY et al., Respondents.[1]

RAILROADS—ACCIDENT AT CROSSING—NEGLIGENCE—FAILING TO SIGNAL AT CROSSING—EVIDENCE—SUFFICIENCY. In an action for injuries sustained by one driving in a buggy and struck by a passenger train at a crossing, there is no sufficient evidence of negligence or that the bell was not rung or the whistle blown, and a verdict for defendant is properly directed, where it appears from the plaintiff's testimony that when she stopped at the crossing to look and listen, the wind was blowing such a gale in the direction of the train and raising such clouds of dust that "you could not see or hear," and the only other evidence on the subject was that of a passer-by, half a mile distant, who was paying no attention to the train, and who testified that he did not hear the whistle; negligence in failing to whistle or ring the bell not being presumed and depending on the circumstances of each case.

Appeal from a judgment of the superior court for Adams county, Kauffman, J., entered February 13, 1909, upon the verdict of a jury rendered in favor of the defendants, by direction of the court, in an action for personal injuries resulting from a collision at a railway crossing. Affirmed.

W. H. Plummer and F. H. McDermont, for appellants, cited, among other cases: 10 Ency. of Evidence, p. 468; Ladouceur v. Northern Pac. R. Co., 4 Wash. 38, 29 Pac. 942; Hendrickson v. Great Northern R. Co., 49 Minn. 245, 51 N. W. 1044, 32 Am. St. 540, 16 L. R. A. 261; Cameron v. Great Northern R. Co., 8 N. D. 124, 77 N. W. 1016; Newstrom v. St. Paul & D. R. Co., 61 Minn. 78, 63 N. W. 253; Parsons v. New York Cent. etc. R. Co., 113 N. Y. 355, 21 N. E. 145, 10 Am. St. 450, 3 L. R. A. 683; Atchison etc. R. Co. v. Hague, 54 Kan. 284, 38 Pac. 257, 45 Am. St. 278; Burian v. Seattle Elec. Co., 26 Wash. 606, 67 Pac. 214; Traver v. Spokane St. R. Co., 25 Wash. 225, 65 Pac. 284; Hencke v. Babcock, 24 Wash. 556, 64 Pac. 755; Chesholm v.

[1]Reported in 104 Pac. 252.

*Seattle Elec. Co.*, 27 Wash. 237, 67 Pac. 601; *Christianson v. Pacific Bridge Co.*, 27 Wash. 582, 68 Pac. 191; *Shearer v. Buckley*, 31 Wash. 370, 72 Pac. 76; *Lambert v. La Conner Trading & Transp. Co.*, 30 Wash. 346, 70 Pac. 960; *Lynch v. Kineth*, 36 Wash. 368, 78 Pac. 923, 104 Am. St. 958; *Redford v. Spokane St. R. Co.*, 15 Wash. 419, 46 Pac. 650; *Texas & Pac. R. Co. v. Cody*, 166 U. S. 606, 17 Sup. Ct. 703, 41 L. Ed. 1132; *Steele v. Northern Pac. R. Co.*, 21 Wash. 287, 57 Pac. 820.

*Cannon & Lee*, for respondents, cited: *Kinter v. Pennsylvania R. Co.*, 204 Pa. St. 497, 54 Atl. 276, 93 Am. St. 795; *Pennsylvania R. Co. v. Beale*, 73 Pa. St. 504, 13 Am. Rep. 753; *Ellis v. Lake Shore & M. S. R. Co.*, 138 Pa. St. 506, 21 Atl. 140, 21 Am. St. 914; *Lehigh Valley R. Co. v. Brandtmaier*, 113 Pa. St. 610, 6 Atl. 238; *Carlson v. Chicago & N. W. R. Co.*, 96 Minn. 504, 105 N. W. 555, 113 Am. St. 655, 4 L. R. A. (N. S.) 349; *Guhl v. Whitcomb*, 109 Wis. 69, 85 N. W. 142, 83 Am. St. 889; *Flemming v. Western Pac. R. Co.*, 49 Cal. 253; *Mankewicz v. Lehigh Valley R. Co.*, 214 Pa. St. 386, 63 Atl. 604; *McCrory v. Chicago, M. & St. P. R. Co.*, 31 Fed. 531; *Chicago & N. W. R. Co. v. Andrews*, 130 Fed. 65, 73; *Baker v. Tacoma Eastern R. Co.*, 44 Wash. 575, 87 Pac. 826; *Anson v. Northern Pac. R. Co.*, 45 Wash. 92, 88 Pac. 1058.

FULLERTON, J.—The appellant Della Holland, while crossing the track of the respondent Northern Pacific Railroad Company, in a buggy, was run into by a passenger train and injured, and this action was brought to recover damages therefor. On the trial, at the close of the appellants' case in chief, the jury, at the direction of the court, returned a verdict for the respondents, and from the judgment entered thereon, this appeal is taken.

The facts of the case are simple. Mrs. Holland and a woman companion left the town of Ritzville, Adams county, in an open buggy drawn by a single horse, shortly after

eleven o'clock on the day of the accident, intending to drive a short distance into the country to a farm house. As they left the town they drove along a county road running parallel to the railroad track, for a distance of about a mile, to a point where the road turned to the right and crossed the railroad. There they stopped, looked and listened, and not seeing or hearing a train, proceeded to cross the railroad track, when they were overtaken and run into by an approaching train. The train causing the injury was a westbound passenger train, which reached Ritzville on that day at about twelve o'clock M., some two hours behind its schedule time. After making its usual stop, it proceeded on its way, running, in so far as the record shows, at its usual rate of speed and in its usual manner.

The record shows further that, from the road crossing at the place of the accident, to Ritzville, the country is comparatively level, there being no natural obstruction that would prevent a person sitting in a buggy at the crossing from seeing a train approaching for the entire distance. The reason why the train was not observed approaching, by the victims of the accident when they stopped, looked, and listened before venturing to cross the railway track on the day of the accident, was because of the condition of the weather. Mrs. Holland testified, and in this she is supported by her witnesses, that the wind was blowing a gale when she and her companion left the town of Ritzville, and that it continued so to blow during the time they were approaching the railroad crossing; that great clouds of dust had been raised by the wind, preventing them from seeing any considerable distance at any time, and sometimes preventing them from seeing the horse which they were driving. Describing the conditions when they reached the crossing, the witness said: "The dust was rolling up; just coming in clouds like a fog, . . . . you couldn't see or hear, . . . . it was just thick, you couldn't see in front of you, the wind was so strong and the dust;" and later on she says that the wind was blowing in the

direction of the approaching train.  After stopping in front
of the track for a moment, and not seeing or hearing the ap-
proaching train, the appellant's companion, who was driving,
remarked that she "guessed it was all right," and they started
over.  The horse had just reached the other side when the
train struck the buggy.

The appellants' counsel concede that the conditions which
prevented the appellant and her companion from seeing the
train prevented the persons in charge of the operation of the
train from seeing the horse and buggy, and negligence is not
predicated upon any failure of either of the respondents to
discover the appellant and stop the train before striking her.
The charge of negligence is a failure to give warning of the
approach of the train by ringing the engine bell and blowing
the whistle.  It is assumed that failure on the part of the
respondents' servants to do these things on the approach of
the train to this crossing was negligence, and that the appel-
lant's injuries were the result of such failure.  The evidence
on the question of the fact involved is extremely meager.  It
consists of the statement of the appellant that she did not
hear the bell or whistle when she stopped and listened just
previous to crossing the track, and the statement of a witness,
who was more than half a mile away from the train when it
reached the whistling post, riding in a hack drawn by two
horses, going in a direction opposite to that of the train, and
paying no heed to the whistle, that he did not hear it.

It has seemed to us that the court was right in concluding
that no evidence of negligence on the part of the respondent
was shown.  The evidence of the witness who was in the re-
mote distance can scarcely be said to rise to the dignity of
evidence.  The statements of a person who testifies that he
did not hear a bell ring or a whistle blow, where he is a mere
passer-by without object or purpose in ascertaining the fact,
is never satisfactory evidence, even under favorable circum-
stances, and it is entirely too much to say that the statement
of this witness that he did not hear the whistle, under the cir-

cumstances shown, is proof of the fact that it was not blown.

It seems to us, also, that the fact is no better established by the evidence of Mrs. Holland. True, she was intent on ascertaining the approach of the train, and actually listened for it; but her own evidence makes it doubtful, to say the least, whether she could have heard the whistle had it been blown at the usual whistling place, and to blow it at any less distance would hardly have enabled her and her companion to have gotten out of the way. It must be remembered that the wind was blowing a gale in the direction of the train; that the dust was flying in dense clouds, and that the general situation was such as to prevent her from hearing. Any finding of the jury, therefore, that the whistle was not blown or the bell rung at the usual whistling place, based upon these statements, could hardly be said to be founded upon substantial evidence. It must be remembered that negligence is not presumed; that it must be shown by direct evidence, or by evidence of facts and circumstances from which its existence may reasonably be inferred. The presumption, if any may be indulged in, is that all parties acted with ordinary care, and this presumption continues until overthrown by evidence. *Swift & Co. v. Holoubek*, 60 Neb. 784, 84 N. W. 249.

In discussing the question at issue, we have assumed that it would have been negligence on the part of the railroad company not to have blown the whistle or rung the bell on the approach of the train to this crossing. We do not wish to be understood, however, as asserting it to be a general principle of law, that negligence will be inferred from the fact that the whistle was not blown or the bell rung on the approach of a train to a road crossing. It is manifest that such is not the rule, but that the question must depend on the circumstances of the particular case.

The judgment is affirmed.

RUDKIN, C. J., CHADWICK, GOSE, and MORRIS, JJ., concur.