[No. 13537. Department One. April 16, 1917.]

E. McEVILLA, *Respondent*, v. PUGET SOUND TRACTION,

LIGHT & POWER COMPANY, *Appellant*.[1]

MUNICIPAL CORPORATIONS—USE OF STREETS — AUTOMOBILES — COLLISION — CONTRIBUTORY NEGLIGENCE — EVIDENCE — SUFFICIENCY. The driver of an automobile, in collision with a street car, is guilty of contributory negligence, as a matter of law, where he undertook to cross the street car tracks going at a speed of six or seven miles an hour, when, had he looked when he was eight or ten feet from the tracks, he could have seen a street car approaching on a down grade at a speed of fifteen or twenty miles an hour and not more than thirty feet distant, so that an attempt to cross in front of the car was almost certain to result in a collision.

Appeal from a judgment of the superior court for King county, Frater, J., entered December 2, 1915, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages sustained in a collision with a street car. Reversed.

*James B. Howe* and *H. S. Elliott*, for appellant.

*P. W. Willett* and *Willett & Oleson*, for respondent.

MAIN, J.—The purpose of this action was to recover damages for personal injuries, and also damages to property. The cause was tried to the court and a jury. The verdict

[1]Reported in 164 Pac. 193.

was in favor of the plaintiff, in the sum of eight hundred dollars. A motion for judgment notwithstanding the verdict having been made and overruled, judgment was entered upon the verdict. From this judgment the defendant appeals.

The facts out of which the action arose are substantially these: Sometime during the afternoon of April the 19th, 1915, an automobile, driven by the respondent, collided with a street car, owned and operated by the appellant. The collision occurred at the intersection of Blanchard street and First avenue, in the city of Seattle. At this point, First avenue is eighty-four feet wide, from property line to property line, and runs approximately north and south. Blanchard street is sixty-six feet wide, and intersects First avenue at right angles. Lenora street is one block south of Blanchard street, and intersects First avenue. Virginia street is one block south of Lenora street, and two blocks south of Blanchard street, and is parallel to those streets. The blocks between Blanchard and Lenora streets, and Lenora and Virginia streets, are each 360 feet long. From Virginia street north to Blanchard street, there is a 3.6 per cent down grade. From Virginia street south, there is also a descending grade, the crest of the hill being at the intersection of that street with First avenue. Upon First avenue there is a double-track electric street railway. The distance between the rails of the two tracks is approximately five feet, and the distance between the west rail of the east track, and the east rail of the west track, is approximately five feet. The south-bound street cars are operated over the west track, and those north-bound, over the east track. The overhang of the street car was not less than two feet. On the day mentioned, a street car was proceeding south on the west track, from some point north of Blanchard street. At the same time, the respondent was driving his automobile south on the west side of First avenue, and just in the rear of the street car. The distance between the west rail of the west street car track and the curb on the west side of First avenue was approximately

twenty feet.  At the northwest corner of the intersection of Blanchard street and First avenue, the street car stopped for the purpose of discharging and receiving passengers.  After the street car again started, the respondent started his automobile, and, while attempting to turn up Blanchard street to the east, collided with a street car going north upon the east track.  The front end of the automobile struck the left front of the street car.  Each of the street cars mentioned was approximately forty feet in length.

The respondent claims that the street car with which he collided was being operated at an excessive rate of speed, and that no gong was sounded or other warning of its approach given.

Upon the question as to whether the appellant company was negligent in any particular, the evidence is conflicting, and unless the respondent was guilty of contributory negligence, as a matter of law, the verdict of the jury cannot be disturbed.

The controlling question, then, is whether the evidence shows contributory negligence, as a matter of law.  Upon the manner of the happening of the accident, the respondent testified that, when the street car stopped at the northwest corner of Blanchard street and First avenue, he stopped the automobile at the same place, and to the rear of the street car; that, from where he stopped, he could see south to the top of the hill, or Virginia street and First avenue; that he looked, and there was no street car at that time approaching from the south; that, after the south-bound street car started up, then he started the automobile; that the automobile was started on a low gear, and ran not more than four miles an hour until he got to the intersection of Blanchard street and First avenue, when it was speeded up to six or seven miles; that the turn was made around the center point of the intersection; that, when he got up to the point where he would make the turn, the south-bound car was about seventy feet from him; that, at this time, he looked for a north-bound

car, but could not see any approaching; that the front of the automobile was just turning when he looked again for the north-bound street car, and, at this time, the front of the automobile was on the south-bound track; that, at this time, from the place where he looked, he could see almost a block, and that there was no north-bound car within his range of vision; that, subsequent to this time, he did not again look, but attempted to proceed up Blanchard street; that the street car struck the radiator, or the front end, of the automobile.

The speed of this north-bound car, between Lenora street and Blanchard street, was fixed by the respondent's witnesses at from fifteen to twenty miles per hour, which would be in excess of the speed fixed by the city ordinance. If the street car was approaching Blanchard street at the rate of twenty miles per hour, the maximum fixed by any witness, then this car was approximately thirty feet, or less than a car length, from the point of collision, when the respondent says that he last looked. Taking the respondent's testimony that, when he last looked, the front end of the automobile was upon the south-bound track, and going at the rate of six or seven miles an hour, the front end of the car was then only eight or ten feet from the point where the collision occurred. If the street car was going twenty miles an hour, it would be traveling approximately three times as fast as the automobile, and would be not more than thirty feet from the point of collision.

The question, then, is reduced to whether it is contributory negligence, as a matter of law, for the driver of the automobile to attempt to cross the street in front of an approaching street car, when the automobile is eight or ten feet from the track, upon which the street car is approaching, at a speed of twenty miles per hour, down a 3.6 per cent grade. If the respondent looked, as he claims, he could not have avoided seeing the approaching street car. Taking into consideration the speed of the automobile, and its distance from the north-bound track, and the speed of the street car,

and its distance from the point where the collision occurred, at the time when the respondent last looked, the attempt to drive the automobile across the north-bound track, in front of the approaching street car, was almost certain to result in a collision.

In principle, this case does not materially differ from *Helliesen v. Seattle Elec. Co.*, 56 Wash. 278, 105 Pac. 458, and *Fluhart v. Seattle Elec. Co.*, 65 Wash. 291, 118 Pac. 51, and, upon the authority of those cases, it must be held that the respondent was guilty of contributory negligence, as a matter of law, and therefore his action fails.

The judgment will be reversed, and the cause remanded, with direction to the superior court to dismiss the action.

ELLIS, C. J., MOUNT, and CHADWICK, JJ., concur.