[No. 14637.   Department One.   July 9, 1918.]

A. U. HERRETT, *Appellant*, v. PUGET SOUND TRACTION, LIGHT & POWER COMPANY, *Respondent*.[1]

STREET RAILWAYS—ACCIDENTS AT CROSSINGS—AUTOMOBILES—CONTRIBUTORY NEGLIGENCE — EVIDENCE — SUFFICIENCY. The driver of an automobile, struck by a street car at a street intersection, was guilty of contributory negligence, notwithstanding he testified that he looked and did not see the street car, which was in full view, where he deliberately drove onto the tracks and had time to avoid the collision by stopping if he had taken notice of the street car.

Appeal from a judgment of the superior court for King county, Jurey, J., entered September 18, 1917, upon granting a nonsuit, dismissing an action in tort. Affirmed.

*Winter S. Martin* and *Ray M. Wardall*, for appellant.

*James B. Howe* and *H. S. Elliott*, for respondent.

TOLMAN, J.—Action to recover for personal injuries sustained in a collision between the appellant's automobile and a street car operated by the respondent. At the conclusion of the appellant's evidence, the trial court, upon motion of the respondent, granted a nonsuit, from which this appeal is prosecuted.

The evidence shows substantially the following state of facts: The appellant had removed to a point in the city of Seattle, somewhat north and beyond the place of the accident, a few days before his injury, and was not very conversant with the streets upon which the street cars were operated in that part of the city. On the morning of February 24, 1916, the appellant was driving his automobile south on the right-hand side of Stone Way, which is a north and south roadway and

[1]Reported in 173 Pac. 1024.

one of the main thoroughfares for north and south traffic in that particular district of Seattle. North Forty-fifth street runs approximately east and west, crosses Stone Way substantially at right angles, and respondent operates thereon its outgoing Green Lake car line, running single and electric street cars thereon weighing between forty and fifty thousand pounds. Stone Way is ninety feet wide, and North Forty-fifth street is seventy feet wide between property lines. Stone Way is divided by a parking strip in the center, leaving an eighteen and one-half foot roadway on each side. At the northwest corner of the intersection of these streets there is a store building, extending to the property line on Forty-fifth street, and having a frontage on Stone Way of approximately fifty feet. North of this building is a garage built in an L shape, having a frontage on Stone Way of approximately forty feet, and also a frontage on North Forty-fifth street to the west of Stone Way. As appellant drove south on Stone Way, at about seven o'clock in the morning on the day in question, on the west or right-hand side of the street, and approached the intersection of North Forty-fifth street, passing the garage, he slowed down to twelve or fifteen miles an hour, sounded his horn, looked to the right when he reached the corner, says he saw no car coming, and continued on directly south in a straight line across the car track, at which point he was struck by a Green Lake car operated by the respondent, and received the injuries complained of; his automobile being struck approximately in the center, and carried by the momentum of the car to a point variously estimated at from forty-five to seventy feet from the point of impact.

The appellant assigns error upon the granting of the motion for nonsuit, and the judgment dismissing his case, and relies upon the case of *Richmond v. Tacoma*

*R. & Power Co.,* 67 Wash. 444, 122 Pac. 351, for a reversal. In that case, Judge Parker, speaking for the court, says:

"The evidence being sufficient to warrant the jury in believing these facts, argument seems unnecessary to demonstrate that the question of appellant's negligence was for the jury to determine. The speed of the car, the presence of the street crossing, the presence of the other car stopped at the crossing to let off and take on passengers, the delay in any attempt to check the speed of the car until it was practically upon the crossing at the side of the other car, and the delay in giving any signal of its approach until about that time, it seems to us leaves nothing to be argued upon the question of the appellant's negligence, except such argument as might be properly addressed to the jury. Clearly, this branch of the case does not present a question of law for the court to decide."

Not so here. In this case there was no direct evidence of excessive speed. The appellant does not attempt to say at what speed the street car was traveling, as he says he saw it only when it was upon him. None of the witnesses who were in the garage attempted to say more than that the street cars at that point usually approached at about twenty miles per hour. And the witness Carson, who was four hundred to five hundred feet east of the point of collision, traveling west directly toward the approaching street car, testified that his head was down, that he saw neither the street car nor the automobile until his attention was attracted by the crash of the impact; then looking up, he saw the street car still moving toward him carrying the automobile on its fender; and more from the distance he thought it traveled before being brought to a stop than from what he could observe of its movement, he expressed the opinion that the street car was traveling at twenty-five to thirty miles per hour at the time of the collision, which he did not

see. We think the only evidence in the case from which the jury might have found that the street car exceeded the lawful rate of twenty miles per hour was the evidence that it traveled from forty-five to seventy feet after the impact before being brought to a stop. In the light of the many elements besides that of the speed at which it was traveling, which might enter into and affect the stopping of the street car, it may reasonably be held that, from such evidence, a finding by the jury would be a mere speculation or guess. Nor have we, as in the *Richmond* case, any evidence of another car passing or stopping upon a parallel track. Such fact, with the necessity for checking the speed of the approaching car to avoid injury to persons alighting or about to board the standing car, was the very foundation of the decision in the *Richmond* case.

In the case at bar, the appellant says:

"I knew there was a street car crossing on that street there, but just exactly where that location was, until I came to it, I could not say that I did know."

With this much knowledge, and the street car track itself to bring home the knowledge, the appellant, according to his own testimony, and all of the physical facts in the case, drove down Stone Way at a speed of twelve to fifteen miles an hour, sounded his horn shortly before reaching the corner, looked, he says, for the approaching car as he cleared the building on the corner, and seeing nothing, continued to drive forward over the intervening forty feet. What was the effect of this testimony? It is not alleged or claimed that the street car was traveling in excess of thirty miles an hour. The view from the corner was wholly unobstructed. There was no fog. And the light at that hour, 7 a. m. on that morning, according to all of the witnesses, was good. The street car, even if traveling at a speed of thirty miles an hour, could not have

been more than eighty to ninety feet away. The appellant, as he says, could have stopped his automobile within its own length. And in the light of all of these facts, even admitting that the street car gong was not sounded, of which fact the evidence is negative, to say the least, can the minds of reasonable men differ? Must not all say that the appellant either did not look for the approaching car, or his mind was so intent upon other things that the fact of its approach, physically open and apparent as it was and must have been, made no impression upon him? In either event, were not his acts so palpably negligent that there can be no two opinions concerning them? No reason or excuse is offered for appellant's failure to see the street car and avoid the collision, except that, after having looked, as he says, when he passed the corner of the store building, he then gave his attention to his machine. This will not do. A driver of an automobile may not deliberately drive upon the street car track which is open and apparent, and excuse himself by saying that he looked and did not see that which no one could avoid seeing if he had looked; or that he was giving his attention to his machine, when common prudence demanded that he give some part of his attention to his own safety.

We think all of the testimony in this case, coupled with the physical facts which cannot be denied, bring it strictly within the rule as to contributory negligence laid down by this court in the following cases, among others: *Criss v. Seattle Elec. Co.*, 38 Wash. 320, 80 Pac. 525; *Skinner v. Tacoma R. & Power Co.*, 46 Wash. 122, 89 Pac. 488; *Helliesen v. Seattle Elec. Co.*, 56 Wash. 278, 105 Pac. 458; *Stueding v. Seattle Elec. Co.*, 71 Wash. 476, 128 Pac. 1058; *Bardshar v. Seattle Elec. Co.*, 72 Wash. 200, 130 Pac. 101; *Brown v. Puget Sound Elec. R. Co.*, 76 Wash. 214, 135 Pac. 999; *Bow-*

*den v. Walla Walla Valley R. Co.*, 79 Wash. 184, 140 Pac. 549; *McEvilla v. Puget Sound Traction, Light & Power Co.*, 95 Wash. 657, 164 Pac. 193.

For the reasons given, the judgment is affirmed.

MAIN, C. J., FULLERTON, PARKER, and MITCHELL, JJ., concur.