[No. 15114. Department Two. April 14, 1919.]

## FRANK L. DEVITT, *Appellant*, v. PUGET SOUND TRACTION, LIGHT & POWER COMPANY, *Respondent and Cross-Appellant*.[1]

STREET RAILROADS (20)—CONTRIBUTORY NEGLIGENCE — DRIVERS OF VEHICLES. The driver of an automobile, struck by a street car at a city street crossing, is guilty of contributory negligence, as a matter of law, where all the testimony, outside of mere guesswork and speculation, showed that he undertook to cross the tracks in front of a rapidly approaching street car twenty or twenty-five feet away, attempting to beat it across, which he failed to do, when he might have stopped his car within eight feet.

Cross-appeals from a judgment of the superior court for King county, Ronald, J., entered August 1, 1918, dismissing an action in tort, notwithstanding the verdict of a jury rendered in favor of the plaintiff, after a trial on the merits. Affirmed.

*Reynolds & Harroun*, for appellant.

*James B. Howe* and *A. J. Falknor*, for respondent.

MOUNT, J.—This action was brought to recover damages on account of a collision between a street car and an automobile. Upon issues joined, the case was tried to the court and a jury, resulting in a verdict in favor of the plaintiff for $1,250. The defendant thereupon filed a motion for judgment notwithstanding the verdict and for a new trial. The court granted the motion for judgment notwithstanding the verdict and denied the motion for a new trial. The plaintiff has appealed from the judgment *non obstante* and the defendant has appealed from the order denying the motion for a new trial.

[1]Reported in 180 Pac. 483.

We shall designate the parties as plaintiff and defendant. The facts are as follows: The plaintiff, about one o'clock in the morning of January 11, 1918, with a party of friends, was driving an automobile west on Roy street, in the city of Seattle. The defendant, at about that hour, was operating a street car from north of Roy street to the south along Fifteenth avenue. Both these streets were paved streets and crossed each other at right angles. The plaintiff and his companions in the automobile testified that, when they arrived at Fifteenth avenue, they were driving the automobile at the rate of about ten, or twelve miles per hour in intermediate gear. They looked to the right when they reached Fifteenth avenue and saw the street car coming. They judged the approaching car to be between one hundred fifty and two hundred feet away, and assuming they had time to cross ahead of the car, undertook to do so. The street car struck the rear of the automobile at about the rear wheel and damaged the automobile and injured the plaintiff.

A witness by the name of Hase, who gave his occupation as chauffeur, testified for the plaintiff to the effect that he was driving an automobile alongside of and with the street car as it approached Roy street. He testified that the street car was moving at the rate of a little more than twenty miles per hour; that he saw the automobile driven by the plaintiff as it entered the crossing at Fifteenth avenue; that at that time the plaintiff's automobile and the street car were about the same distance from the point where the accident occurred; that, in his opinion, the automobile driven by the plaintiff was going a little faster than the street car; that the street car and the automobile each entered the street intersection at about the same time; and that he saw a collision was imminent and

stopped his car. The testimony of the motorman on the street car was to the same effect. The trial court, after seeing and hearing all the witnesses, was of the opinion that the plaintiff was guilty of contributory negligence as a matter of law, and for that reason granted the defendant's motion for judgment notwithstanding the verdict.

We are satisfied that this ruling was right. It is obvious that, when an approaching street car is such a distance away that no reasonable person would undertake to cross in front of it, there can be no recovery. It is also obvious that from a mere fleeting look at an approaching car in the night, one is unable to determine accurately the distance the car is away or the speed at which it is approaching. The plaintiff and his companions in the automobile stated that, when they came to the crossing, without slacking their speed, they judged that the street car was from one hundred fifty to two hundred feet away, and that it was approaching pretty fast. They necessarily based their estimate upon a mere glance at the approaching car. Evidence of this kind naturally is of little value for accuracy. It is no more than a guess.

Mr. Hase, the chauffeur, who was driving alongside of the street car in an automobile, and who was accustomed to judge the speed of automobiles, testified unequivocally that the street car was approaching the crossing of Roy street at a speed of a little better than twenty miles per hour; that the street car and the automobile were about equally distant from the point of collision when he first saw the automobile on Roy street arrive at the intersection of Fifteenth avenue; and that the street car and the automobile were being driven at about the same rate of speed. It seems plain that this evidence was the only reliable evidence as

to the position of the street car and the automobile just prior to the collision. Mr. Hase, so far as the record shows, was an entirely disinterested witness. He was in position to judge the speed of the street car and the distance it was away from the point of the accident. All the other evidence in the case with reference to the speed of the street car and the distance it was from the crossing when the automobile first arrived upon the crossing was mere guesswork and speculation. It is shown by the undisputed evidence that the distance from the intersection of Roy street to the point of collision was seventeen feet, six inches. If the plaintiff's automobile was being driven at the rate of ten miles per hour and the street car was one hundred feet away, the street car would necessarily travel five times as fast as the automobile, or at the rate of fifty miles per hour, in order to cause a collision. It is apparent from the testimony that the street car was not running at any such rate of speed. It is plainly evident, we think, from the proven facts in the case, that the street car could not have been more than twenty or twenty-five feet away when the driver of the automobile undertook to cross the street in front of it. The city ordinance introduced in evidence gave the street car the right of way under those conditions. The street car being so near the intersection of the streets, it was the plain duty of the plaintiff, upon approaching the street crossing, to have stopped—which he says he could have done within eight feet—until the street car passed; but instead of doing so, he apparently took a chance to cross in front of the street car and did not succeed. In the case of *Johnson v. Washington Water Power Co.,* 73 Wash. 616, 132 Pac. 392, upon this point we said:

"It is clear that the car was much nearer the appellant, when he entered the street and when he looked

the second time, than he estimated it to be; and while he may have concluded that he had plenty of time to cross in front of it, he did not in fact have sufficient time, and did not verify his estimate by taking a look immediately before he entered the place of danger. His injury was clearly, therefore, contributed to by his own negligence."

In the case of *Herrett v. Puget Sound Traction, Light & Power Co.*, 103 Wash. 101, 173 Pac. 1024, a case in many respects like the case at bar, we said:

"A driver of an automobile may not deliberately drive upon the street car track which is open and apparent, and excuse himself by saying that he looked and did not see that which no one could avoid seeing if he had looked; or that he was giving his attention to his machine, when common prudence demanded that he give some part of his attention to his own safety.

"We think all of the testimony in this case, coupled with the physical facts which cannot be denied, bring it strictly within the rule as to contributory negligence laid down by this court in the following cases, . . ." [citing cases].

And in the case of *Bowden v. Walla Walla Valley R. Co.*, 79 Wash. 184, 140 Pac. 549, we said:

"The driver of an automobile, approaching such a crossing as the one in this case, must make reasonable use of his senses to guard his own safety, and the failure to do so is negligence."

And in *McEvilla v. Puget Sound Traction, Light & Power Co.*, 95 Wash. 657, 164 Pac. 193, we said:

"The question, then, is reduced to whether it is contributory negligence, as a matter of law, for the driver of the automobile to attempt to cross the street in front of an approaching street car, when the automobile is eight or ten feet from the track, upon which the street car is approaching, at a speed of twenty miles per hour, down a 3.6 per cent grade. If the respondent looked, as he claims, he could not have

avoided seeing the approaching street car. Taking into consideration the speed of the automobile, and its distance from the north-bound track, and the speed of the street car, and its distance from the point where the collision occurred, at the time when the respondent last looked, the attempt to drive the automobile across the north-bound track, in front of the approaching street car, was almost certain to result in a collision.''

By reason of the facts, which are practically undisputed, and by reason of the rule as stated in these cases, we think it is plain that the trial court properly granted the motion for judgment notwithstanding the verdict. In fact, the case should not have been submitted to the jury.

With this view of the case, it is unnecessary to discuss the assignments of error relied upon by the defendant.

The order appealed from is therefore affirmed.

CHADWICK, C. J., FULLERTON, PARKER, and HOLCOMB, JJ., concur.

## ON REHEARING.

[*En Banc.* November 3, 1919.]

PER CURIAM. — Upon a rehearing *En Banc*, the majority of the court adheres to the result reached in the opinion heretofore filed herein, and the judgment stands affirmed.