[No. 15180. Department One. August 15, 1919.]

FRANK J. KENT, *Respondent*, v. WALLA WALLA VALLEY RAILWAY COMPANY, *Appellant*.[1]

RAILROADS (61, 71)—ACCIDENT AT CROSSING—NEGLIGENCE—FAILURE TO SIGNAL—EVIDENCE—QUESTION FOR JURY. The positive testimony of witnesses that a crossing whistle was given by an interurban car does not, as a matter of law, overcome evidence of witnesses who could have heard the signal if it had been given and who testified that they heard none.

SAME (64-66) — CONTRIBUTORY NEGLIGENCE — QUESTION FOR JURY. The driver of an automobile is not guilty of contributory negligence, as a matter of law, in failing to stop before driving across an interurban track, where he both looked and listened, his car was making very little noise, his view was obstructed, and when the train first came in view, he was so close to the track as to be unable to stop in time to avoid the collision.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered April 12, 1918, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*John A. Laing, Sharpstein, Smith & Sharpstein,* and *John H. Pedigo,* for appellant.

*E. L. Casey,* for respondent.

[1]Reported in 183 Pac. 87.

MAIN, J.—The purpose of this action was to recover damages for personal injuries and damages to an automobile, claimed to be due to negligence chargeable to the defendant. In the answer, it was affirmatively pleaded that the damages claimed were caused by the contributory negligence of the plaintiff. The cause, in due time, came on for trial before the court and a jury. At the conclusion of all the evidence, the defendant moved for a directed verdict. This motion was denied and the cause was submitted to the jury, and a verdict rendered in favor of the plaintiff in the sum of $804.33. After the verdict was rendered, the defendant moved for a judgment notwithstanding the verdict, which motion was overruled and judgment was entered on the verdict. It is from this judgment that the appeal is prosecuted.

The facts which are either not in dispute or which the jury had a right to find from the evidence may be summarized as follows: The appellant operates an electric interurban railway running from the city of Walla Walla, this state, to Milton, in the state of Oregon. The respondent lived on a ranch a few miles out of the city of Walla Walla. The damages for which recovery is sought are the result of a collision which occurred at the intersection of what is referred to as Finch avenue road, which extends north and south, and Wallula avenue road, running east and west. For some distance to the north of this intersection and also to the south, the track of the interurban is along the east side of Finch avenue road. Approximately six feet from the west rail of the track, on the north side of the intersection and bordering thereon, is what is referred to as a small depot or shelter station. This is a building approximately twelve feet long, ten feet high, and eight feet wide, the long way of which extends north and south. The respondent lived six or

seven hundred feet south of the intersection. On the
morning of the day the accident occurred, he left his
home in his automobile, proceeding up the Finch ave-
nue road, which parallels the interurban track, and
turned to cross the track at the intersection, when the
front end of the automobile was struck by an inter-
urban car approaching from the north.

The respondent testified that, as he approached the
intersection, he looked in both directions and listened
for the approach of a car. As he entered the inter-
section he swung to the left, so as to get a view back
of the service station to the north to see if a car was
approaching. Seeing none, he pulled upon the mac-
adam in the center of Wallula avenue roadway, looking
again to the south and to the north. He then saw a
car approaching from the north and within about fifty
feet of the center of Wallula avenue roadway. The
speed of the automobile was approximately ten miles
per hour at the time, and he made every effort to stop
it before reaching the railway tracks.

The motorman upon the car testified that, as he
passed the service station, he observed the respondent
for the first time and his distance from the approach-
ing car was approximately thirty or forty feet. The
service station was an obstruction which prevented
the respondent from seeing the approaching inter-
urban car, and also prevented the motorman from
seeing the approaching automobile.

In the complaint, a number of grounds of negligence
were alleged, one of which was failure to blow the
whistle as the automobile approached the crossing and
station. For the purpose of this decision, it will be
assumed that none of the other grounds of negligence
were sustained.

No motion for a new trial was made, and the appel-
lant relies for reversal upon two points: first, that

the positive evidence of witnesses, who testified that the whistle was sounded for the crossing, overcomes the negative testimony of other witnesses to the effect that they heard no approaching signal given. In support of this position the appellant cites the case of *Holland v. Northern Pac. R. Co.,* 55 Wash. 266, 104 Pac. 252, but that case is not controlling. There, on the day of the accident, the condition of the elements was such that it was said that the parties testifying that they did not hear the whistle could not have heard it if one had been sounded. Here there is evidence that, just prior to the collision, and apparently when the motorman first saw the automobile, a "little toot" of the whistle was given. In addition to this, the parties testifying were so situated that they could have heard the signal for the crossing, which was one long and two short whistles, had it been given. The witnesses, or some of them, who testified that the signal was not given for the crossing, heard a short whistle just prior to the collision. If they heard this, as they claim, there is no reason why they could not have heard the crossing signal had it been given. Even though the positive testimony that the signals were given may seem the more credible, we cannot say that the evidence that the signal was not given is overcome. The question of negligence was properly submitted to the jury.

The second point is that the respondent was guilty of contributory negligence, as a matter of law, because he failed to stop before attempting to cross the railway tracks. He testified that he both looked and listened and that he neither saw nor heard the approaching car. Had he stopped, his view would still have been blanketed by the service station. He testified that he was driving a practically new automobile and that the engine made very little noise. Upon this

question the appellant cites the cases of *McKinney v. Port Townsend & Puget Sound R. Co.*, 91 Wash. 387, 158 Pac. 107; *Herrett v. Puget Sound Traction, Light & Power Co.*, 103 Wash. 101, 173 Pac. 1024; *McEvilla v. Puget Sound Traction, Light & Power Co.*, 95 Wash. 657, 164 Pac. 193; *Aldredge v. Oregon-Washington R. & Nav. Co.*, 79 Wash. 349, 140 Pac. 550; *Bowden v. Walla Walla Valley R. Co.*, 79 Wash. 184, 140 Pac. 549.

In each of those cases the driver of the vehicle, as he approached the crossing and when the obstructions no longer blanketed his view, could have seen the approaching train or car in ample time to have stopped had he looked. In this case the motorman did not see the approaching automobile until he was within approximately forty feet of where the collision occurred. The respondent testified that he saw the car approximately fifty feet distant from the place of the collision. From this evidence it is apparent that, as the respondent approached the crossing and when he reached the place where his view would not be obstructed by the service station, he was so close to the track as to be unable to stop in time to avoid the collision.

Before it could be held that the respondent was guilty of contributory negligence as a matter of law, it would be necessary to find that a reasonably prudent man, in the situation in which he was, would not have proceeded to cross the track. Even where the facts are not in dispute, if different minds may honestly draw different conclusions from them, the case is one for the jury. *Steele v. Northern Pac. R. Co.*, 21 Wash. 287, 57 Pac. 820; *Averbuch v. Great Northern R. Co.*, 55 Wash. 633, 104 Pac. 1103.

In this case we cannot hold, as a matter of law, that a reasonably prudent man, in the situation in which the respondent was, would have stopped before at-

tempting to pass over the crossing. In *Pendroy , v. Great Northern R. Co.*, 17 N. D. 433, 117 N. W. 531, under facts quite similar to those of the present case, it was held that the question of contributory negligence was for the jury.

The judgment will be affirmed.

HOLCOMB, C. J., TOLMAN, MITCHELL, and MACKINTOSH, JJ., concur.