[No. 15385.   Department Two.   March 22, 1920.]

# F. M. BLACK, *Appellant*, v. S. W. THOMPSON *et al.*, *Respondents.*[1]

FRAUD (4, 22)—IN EXCHANGE OF LANDS—EVIDENCE—SUFFICIENCY. The evidence sufficiently shows actionable fraud in the exchange of land where defendant represented that seventy acres were cleared when in fact there were only thirty-five, and that the waste land did not exceed ten acres when in fact it exceeded forty, which representations were relied upon without inspection because the land was at a distance.

SAME (4-7)—MATTERS OF FACT—RELIANCE UPON. False representations as to the number of acres of cleared and waste land are matters of fact which may be relied upon without inspection where the land was fifty-four miles distant and the roads difficult of travel at that season of the year.

Appeal from a judgment of the superior court for Clarke county, Back, J., entered January 9, 1919, dismissing an action on contract, upon setting aside a verdict and judgment for plaintiff, after a trial on the merits before a jury. Reversed with directions.

*Crass & Hardin,* for appellant.
*Miller & Wilkinson,* for respondents.

FULLERTON, J.—The appellant owned certain lands situated in the state of California. The respondents held a contract of purchase for a tract of land containing two hundred acres situated in the state of Oregon. On December 10, 1917, the parties entered into an agreement for an exchange of the properties, in pursuance of which the appellant deeded the California lands to the respondents and the respondents assigned to the appellant the contract of purchase for the Oregon lands. The appellant agreed to pay one thousand dollars in addition to the lands in California as the

[1]Reported in 188 Pac. 393.

purchase price of the respondents' property, and executed his promissory note to the respondents for that sum, securing it by a mortgage upon personal property. Neither of the parties had, at this time, seen the lands of the other, and a written agreement was entered into by the terms of which the instruments were to be deposited in escrow with a lawyer at Salem, Oregon, for a period of thirty days, during which time the respondents had the privilege of inspecting the appellant's lands and withdrawing from the agreement, if they were dissatisfied therewith. No corresponding privilege was given the appellant by the writing. The agreement made by the respondents and the note and chattel mortgage were deposited on the date of the agreement. The deed was deposited two days later. On December 13, 1917, the day following the deposit of the appellant's deed, the respondents wrote the attorney to surrender the papers, saying that it was impossible for them to go and inspect the California property at that time and that they would accept it on the representations made by the appellant, authorizing the attorney to dispose of the note and chattel mortgage if he could do so at a discount of fifty dollars. Pursuant to the directions given, the attorney surrendered the instruments of conveyance.

The appellant, conceiving that he had been deceived and defrauded because of the representations made by the respondents concerning their property, brought this action to recover in damages therefor. In his complaint, he alleged that the false representations consisted of misstatements as to the area of cleared land on the premises and the area of waste land, averring that the respondents represented that there were seventy acres of cleared land, and that the waste land did not exceed ten acres, whereas in truth and in fact there were no more than thirty-five acres of cleared

land and that the waste land exceeded forty acres.
The respondents, without demurring or otherwise
testing the sufficiency of the complaint answered by
a general denial. On these issues, a trial was had to
a jury, and a verdict was returned on November 18,
1918, and on the 20th day of the same month a judg-
ment was entered in accordance with the verdict. On
the day the judgment was entered, the respondents
moved for a new trial on the grounds of newly discov-
ered evidence, insufficiency of the evidence to justify
the verdict, and error in law occurring at the trial.
The motion came on for hearing on January 7, 1919,
at which time the court entered another judgment
vacating and setting aside the first judgment and dis-
missing the action. In the last mentioned judgment,
it is recited that the respondents, at the conclusion of
the appellant's case and the conclusion of the whole
case, challenged the sufficiency of the evidence, and
that the court set aside the first judgment and entered
the second because he was of the opinion that these
challenges were well taken and should have been sus-
tained, and that he was then of the opinion that there
was neither fact nor reasonable inference from fact
to support the verdict.

The appellant challenges the power of the court to
vacate the formal judgment first entered, and enter a
second judgment of dismissal, when the motion before
the court was one asking for a new trial. Seemingly,
in the light of the procedure prescribed by the stat-
ute for the vacation of judgments, and our decisions
thereunder, there is merit in the contention; but we
think the trial court was in error in resting the second
judgment on the grounds upon which it was actually
rested. The appellant himself testified to the repre-
sentations of the respondents concerning the character
of the land, substantially as he had alleged the facts

to be in his complaint. He testified, also, that he had never seen the lands, a fact which the respondents well knew, and that he relied in making the exchange upon their representations. He also caused the land to be surveyed by a land surveyor, who testified in his behalf. The surveyor's testimony was to the effect that he found by actual measurement that the cleared land amounted to 38.44 acres, and that the waste land, that is, land that was unsuitable for cultivation if cleared of brush and standing timber, approximated one hundred and twenty acres. This witness also qualified as a wit- ness to land values in the vicinity of this land, and tes- tified to the value of the land as it was and to the value it would have been had it contained seventy acres of cleared land and no more than ten acres of waste land; his evidence justifying a larger verdict than the verdict returned by the jury. In his statements. as to values, the witness was corroborated by another witness, who testified to a knowledge of the lands and a knowledge of land values in that vicinity. The appellant also testified to area of cleared lands and area of the land described as waste, his testimony being substantially in accord with the testimony of the surveyor. While there was testimony on the other side contradictory of this testimony, clearly there was sufficient evidence to take the case to the jury on these questions. In so far as the judgment of the court rested on these questions, it was error.

But the respondents contend that the complaint fails to state facts sufficient to sustain a judgment for the appellant, and that the fault was not cured in this respect by the evidence. The more precise contention is that the complaint fails to allege, and the evidence fails to show, any excuse for the failure on the part of the appellant to examine the lands before entering into the agreement of exchange. The complaint is,

perhaps, faulty in the respects mentioned. The evidence, however, showed that the parties to the contract resided at Vancouver in this state and that the land was situated some seven miles from the city of McMinnville, in the state of Oregon; McMinnville being, according to the testimony of the respondent Thompson, some fifty-four miles from Vancouver. The .contract was entered into after the commencement of the rainy season, and the road to the land from McMinnville out was an ordinary unimproved road, soft and difficult to travel, and passed over some rather steep hills. There was no objection to this testimony, it was in fact in part developed by the cross-examination by the respondents of the appellant's witness.

It is the rule, no doubt, that a party to a contract for the exchange of lands cannot complain of the falsity of representations of other party concerning the subject of the exchange, if it is before him and the truth or falsity of the representations can be ascertained by the exercise of reasonable diligence; but we have repeatedly held that, where the subject-matter of the representations is not at hand and cannot be ascertained by reasonable diligence, the one party to such a contract may rely upon the representations of the other. Indeed, it is held by some courts that a person is justified in relying on the representation made to him in all cases where the representation is as to a positive fact, and where an investigation would be required to determine its truth or falsity. In this instance, the property was at a distance, the representations were of positive facts, and to ascertain their falsity a somewhat minute examination of the land was necessary. If, therefore, the complaint was faulty in the respect complained of, the evidence cured the defect. *Godfrey v. Olson,* 68 Wash. 59, 122 Pac. 1014.

We have not overlooked the contention of the respondent to the effect that the appellant had an opportunity to inspect the land before the deal was consummated, and was within a short distance of the land for that purpose, and of his own volition refused to go farther. But we can find no support in the record of the facts assumed. The time referred to was after the execution of the escrow agreement, after the deposit of the instruments in escrow, and after the respondents had directed the escrow holder to surrender the instruments. True, one of the respondents testified that there was an oral understanding that the appellant could inspect the land and withdraw from the contract if he was dissatisfied, but in this he was contradicted by the appellant; and we think contradicted very much more effectively by his prior direction to the escrow holder to surrender the papers. The question was one for the jury.

Our conclusion is that the court erred in entering the judgment of dismissal. Since, however, the respondents are entitled to have the judgment of the court upon their motion for a new trial, our order will be that the judgment appealed from be reversed and the cause remanded with instruction to pass upon the motion and either grant a new trial or reinstate the original judgment.

HOLCOMB, C. J., BRIDGES, TOLMAN, and MOUNT, JJ., concur.