[No. 16265. Department Two. May 9, 1921.]

THORNTON GOLDSBY, *Appellant,* v. THE CITY OF SEATTLE,
*Respondent.*[1]

STREET RAILROADS (30)—COLLISION—AUTOMOBILES—CONTRIBUTORY
NEGLIGENCE—QUESTION FOR JURY. In an action for damages resulting
from a collision between a street car and an automobile, judgment
for defendant notwithstanding the verdict was erroneous, where the
plaintiff first saw the street car more than half a block away, and,
without knowing it was exceeding the lawful rate of speed, started to
cross the track, and when the front wheels of his automobile were
upon the nearer rail, he noticed that the street car, some fifty or
sixty feet away, was coming toward him at a speed of thirty-five to
forty miles an hour; it being for the jury to say whether plaintiff
was guilty of contributory negligence in continuing across the track.

TRIAL (63)—TAKING CASE FROM JURY—POWER OF COURT. In deter-
mining a motion for judgment notwithstanding the verdict, the trial
court cannot weigh conflicting evidence, but its decision must be

[1]Reported in 197 Pac. 787.

based upon the testimony favoring the party against whom the motion is interposed.

NEW TRIAL (3-1)—RIGHT TO NEW TRIAL IN GENERAL. Where a trial court granted judgment notwithstanding the verdict, it had no jurisdiction, on an alternative motion for new trial, to enter an order that it would grant the motion in the event that the judgment notwithstanding verdict was reversed.

Appeal from a judgment of the superior court for King county, Smith, J., entered July 15, 1920, dismissing an action in tort, upon setting aside a verdict and judgment for plaintiff, after a trial on the merits before a jury. Reversed.

*H. M. Ramey, Jr.,* and *Max Hardman,* for appellant.

*Walter F. Meier* and *Frank S. Griffith,* for respondent.

MAIN, J.—This action was brought to recover damages for personal injuries, and for damages to an automobile, claimed to have been caused by negligence chargeable to the defendant. The cause was tried to the court and a jury and resulted in a verdict in favor of the plaintiff. A motion for judgment notwithstanding the verdict was made and subsequently an alternative motion for a new trial. The trial court granted the motion for judgment notwithstanding the verdict and entered a judgment dismissing the action. Thereafter an order was entered reciting that in the event that there was an appeal, and it was decided that the granting of the motion for judgment notwithstanding the verdict was error, in that event the motion for new trial would be granted. The plaintiff appeals from the judgment dismissing the action, and attempts to prosecute an appeal from the order evidencing what the ruling of the trial judge would be upon the motion for new trial if that question would come properly before him.

The accident occurred at the intersection of Pike street and Sixth avenue in the city of Seattle. While not strictly accurate, it may be said that Pike street extends east and west and Sixth avenue north and south. Upon Pike street there are double street car tracks upon which the appellant city operates its cars. On the night of June 9, 1920, the appellant was proceeding east on the south side of Pike street approaching Sixth avenue, intending to turn north upon Sixth avenue. A street car, owned and operated by the respondent, was proceeding west on the north track on Pike street. When the appellant reached the southwest corner of the intersection of these two streets he observed the street car approaching from the east and it was then beyond what is referred to as the alley between Sixth and Seventh avenues. Appellant was traveling at the rate of approximately ten miles an hour. At this time he did not know that the street car was traveling at a faster rate than the lawful speed at that point, which was twenty miles per hour. The appellant attempted to make the turn around the point of intersection and when the front wheels of his automobile were upon the south rail of the north track he observed the street car fifty or sixty feet away and traveling at the rate of thirty-five or forty miles per hour. He proceeded to cross the track but the automobile was struck by the oncoming car, the point of impact being to the rear of the front fender on the right-hand side. If the street car was traveling at the rate testified to by the appellant, when he observed it fifty or sixty feet away, a collision was practically certain to occur. At this time the appellant was in a situation where he was not able to get his automobile out of the path of danger, or at least the court cannot say as a matter of law that he could have done so. If the judg-

ment of the trial court is to be sustained in granting the motion for judgment notwithstanding the verdict, it must be because we can say as a matter of law that the appellant was guilty of contributory negligence in attempting to cross in front of the approaching street car. Before it can be said as a matter of law that there was contributory negligence, the facts must be such that reasonable minds cannot reasonably differ upon the question. *Johnson v. Seattle,* 113 Wash. 487, 194 Pac. 417. The appellant was not guilty of contributory negligence in attempting to make the turn after he first observed the street car which was then at a point which is described as beyond the alley between Sixth and Seventh avenues. He did not know at that time that the street car was traveling at a greater rate of speed than that fixed by the ordinance and was not required to assume, in the absence of knowledge or notice of the fact, if it were the fact, that the street car was exceeding the speed limit. When he observed the speed of the car it was then sufficiently close to him that an accident was reasonably certain to occur. Whether the appellant, acting as a reasonably prudent man, would have attempted, under the circumstances, to make the crossing ahead of the approaching street car, was a question of fact to be determined by the jury. Many cases are cited in the briefs but it would serve no useful purpose to review these in detail because, as stated in *Beeman v. Tacoma R. & Power Co.,* 112 Wash. 164, 191 Pac. 813, the law of each personal injury case must to a very large extent depend upon its own particular facts. Two cases, however, should be noticed as they seem to be relied on to a considerable extent by the respondent and also appear to have influenced the judgment of the trial court. These cases are *McEvilla v. Puget Sound Tr., L. & P. Co.,*

95 Wash. 657, 164 Pac. 193, and *Devitt v. Puget Sound
Tr., L. & P. Co.,* 106 Wash. 449, 180 Pac. 483. In the
*McEvilla* case the plaintiff attempted to cross in front
of a street car when it was approximately thirty feet
or less than a car's length from the point of collision.
In the *Devitt* case the plaintiff attempted to cross when
the street car was not more than twenty or twenty-
five feet distant. It thus appears that each of those
cases rests upon different facts from those of the pres-
ent case.

In this case it is true that the evidence offered by
the respondent tended to support a state of facts which
were very different from those testified to by the ap-
pellant and his witnesses. In determining the correct-
ness of the ruling upon motion for judgment notwith-
standing the verdict, we cannot weigh the conflicting
evidence but the decision of that question must rest
upon the testimony favorable to the appellant. Under
the facts supported by the evidence offered on behalf
of the appellant it was error to grant a motion for
judgment notwithstanding the verdict, as the question
of contributory negligence was one for the jury.

As to the motion for a new trial, that question is
not before us. It was not before the trial court when
the order relative thereto was entered. The motion for
judgment notwithstanding the verdict was sustained
and a judgment of dismissal entered on the fifteenth
day of July, 1920. The ruling on the motion for new
trial was made subsequent thereto and on the fourth
day of August, 1920. After the trial court had entered
the judgment dismissing the action it had nothing
further to do with the motion for new trial so long as
that judgment stood.

The attempt to appeal from this order does not bring
any question before this court. We are invited, how-

ever, to rule upon the question in order to avoid a possible second appeal. This would be expressing an opinion upon a question not properly before us, and it seems to us better practice not to do so. The parties were entitled to the judgment of the trial court upon the motion for new trial when that question was properly before it. *Black v. Thompson,* 110 Wash. 379, 188 Pac. 393.

There is another reason why we should not pass upon a motion for new trial at this time. The trial judge having granted motion for judgment notwithstanding the verdict and having dismissed the action gave no attention to the facts, of course, when ruling upon the motion for new trial, believing that error had been made in an instruction. It may be that when the question comes before him on the motion for new trial that it will be his view that the evidence is so greatly preponderous in favor of the respondent that he should exercise his discretion and grant a new trial for this reason.

The judgment will be reversed and the cause remanded with directions to the trial court to proceed in accordance with the views herein indicated.

PARKER, C. J., MITCHELL, TOLMAN, and MOUNT, JJ., concur.