[No. 18169.  Department Two.  January 24, 1924.]

W. P. DEETS, *Appellant*, v. TACOMA RAILWAY & POWER COMPANY, *Respondent*.[1]

STREET RAILROADS (18)—ACCIDENT AT CROSSING—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY. It is not negligence *per se* to fail to stop, look and listen before crossing the tracks of an electric railway on a public street.

SAME (18). A pedestrian is guilty of contributory negligence, as a matter of law, in passing quickly in front of an automobile and on to a street railway track without taking any precaution to ascertain whether a street car is approaching, notwithstanding he testifies that he looked before starting across the street and did not see what he could have seen if he had looked.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered December 7, 1922, upon granting a nonsuit, dismissing an action in tort. Affirmed.

*Frank H. Kelley* and *J. Charles Dennis*, for appellant.

*F. D. Oakley* and *L. L. Thompson*, for respondent.

MAIN, C. J.—This action was brought to recover damages for personal injuries sustained by the plaintiff by reason of being struck by a street car owned and operated by the defendant. The answer, after containing certain admissions and denials, pleaded contributory negligence on the part of the plaintiff. The cause came on for trial before the court and a jury. At the conclusion of the plaintiff's evidence, the defendant challenged the sufficiency thereof and moved for a judgment. This motion was sustained and judgment entered dismissing the action, from which the plaintiff appeals.

[1] Reported in 222 Pac. 480.

The facts may be summarized as follows: The accident happened at the intersection of Pacific avenue and Tenth street, in the city of Tacoma, on the 16th day of May, 1921, at about eight o'clock, a. m. Pacific avenue is a main thoroughfare and extends north and south. The respondent operates a street railway upon this avenue, with double tracks, one for northbound and one for southbound traffic. This avenue is intersected on the east side by south Tenth street, which street comes to an end at that point; in other words it does not extend west beyond Pacific avenue.

On the morning of the day above mentioned, the appellant left south Ninth street, which is the next street north of south Tenth, and proceeded in a southerly direction upon the sidewalk along the west side of Pacific avenue. When he reached the crossing of Tenth street, he looked up and down that avenue and saw, as he testifies, an automobile approaching from the north, but did not see any street car coming from that direction. The appellant started to cross Pacific avenue on what would be the south cross-walk. He passed in front of the approaching automobile, hurrying a little to clear it, and without paying any attention as to whether there was a street car approaching from the north, walked upon the track and was struck by the left front of the car, which, at the time he stepped upon the track, was only a few feet from him, probably something like fifteen. The automobile, as it came down, was about five feet west of the west rail of the street car track. At the time the appellant looked, before attempting to cross the street, and saw the approaching automobile, but says that he did not see the street car, there was nothing to obstruct his vision. Another man, who was a witness in the case and who proceeded to cross the street a few feet behind the

appellant, said that he looked and saw the street car approaching.

The controlling question in this case is whether the appellant was guilty of contributory negligence, as a matter of law, in passing quickly from in front of the approaching automobile and walking upon the tracks of the street car company without taking any precaution to ascertain whether a street car was approaching. It is true, as argued by the appellant, that failure to stop, look, and listen before crossing the tracks of an electric railway in a public street is not negligence as a matter of law. It is equally well settled in this jurisdiction that, where one passes from behind or in front of an object and steps into the pathway of an approaching vehicle, without taking any precaution for his own safety, he is guilty of contributory negligence. *Harder v. Matthews,* 67 Wash. 487, 121 Pac. 983; *Stueding v. Seattle Elec. Co.,* 71 Wash. 476, 128 Pac. 1058.

In the case last cited it was said:

"This court, in harmony with many other courts, has taken the view that it is not ordinarily negligence *per se* for a traveler to fail to 'stop, look, and listen' before crossing a street car track. But it has never held that he may go upon a street car track where the conditions are such as to suggest grave danger without taking any precautions whatever for his own safety."

Neither can it be held that the appellant was not guilty of contributory negligence, as a matter of law, because he looked before he started to cross the street and did not see the approaching street car. As above stated, it was seen by another person crossing at the same time. It is no excuse for one to say that he looked and did not see that which he could not avoid seeing if he had looked. *Herrett v. Puget Sound T., L. & P. Co.,* 103 Wash. 101, 173 Pac. 1024.

The case of *Johannessen v. Washington Water Power Co.*, 104 Wash. 182, 176 Pac. 8, was different. There it was held that the contributory negligence of the plaintiff, struck by an interurban train, was a question for the jury, when he looked and saw no train for a distance of 1,500 feet, walked parallel with the track 140 feet, and started to cross without again looking. That was not a case where the plaintiff stepped from behind or in front of an object directly into the path of an approaching vehicle, without taking any precaution for his safety. The rule that makes one guilty of contributory negligence, as a matter of law, in such cases was not overturned in the *Johannessen* case.

The judgment will be affirmed.

FULLERTON, MITCHELL, PEMBERTON, and BRIDGES, JJ., concur.