[No. 19165.  Department One.  May 13, 1925.]

NATHAN SILVERSTEIN, *Respondent,* v. GEORGE ADAMS, *Appellant.*[1]

MUNICIPAL CORPORATIONS (383)—USE OF STREETS—CONTRIBUTORY NEGLIGENCE OF PEDESTRIAN.  A pedestrian was guilty of contributory negligence in stepping ·from the curb to cross a street directly in front of an approaching automobile, with lights burning, where there was nothing to prevent his seeing the car.

Appeal from a judgment of the superior court for King county, Tallman, J., entered October 4, 1924, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian, struck by an automobile.  Reversed.

*Frank E. Hammond* and *Hermon S. Frye,* for appellant.

*Lundin & Barto,* for respondent.

MAIN, J.—By this action the plaintiff sought to recover damages for personal injuries claimed to have been caused by the negligence of the defendant.  In the answer negligence was denied, and it was affirmatively pleaded that the plaintiff was guilty of. contributory negligence.  The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff in the sum of $1,000.  A motion for judgment notwithstanding the verdict was made and overruled.  From the judgment entered upon the verdict, the defendant appeals.

The facts are these.  The accident out of which the action grew happened at the northwest corner of the intersection of Third avenue and Yesler Way in the city of Seattle, on October 28, 1923, at about ten o'clock

[1]Reported in 235 Pac. 784.

p. m. Yesler Way extends east and west, Third avenue north and south. The appellant, prior to the accident, had proceeded south on the sidewalk on the west side of Third avenue intending to cross Yesler Way to a place where he sold newspapers at the entrance to the Frye hotel. The appellant came up Prefontaine Place, which is another street entering the same intersection, from the south in his automobile, and turned at the intersection to go west on Yesler Way. According to a diagram which was introduced in evidence, the accident happened at a point thereon marked "A" which is about three feet from the curb that the respondent would step off of to cross Yesler Way.

As to the place of the accident, the respondent testified:

"Q. You were going to cross here on the north side of Yesler way toward the Frye hotel? A. Yes, sir. Q. When you got about three feet from the sidewalk, what happened? A. He hit me and I never knew no more."

And also:

"Q. This is the edge of the sidewalk at the corner of Third avenue, is it (indicating)? A. Yes, sir. I had walked here. Q. And you had gotten about how far from the edge of the sidewalk? A. About two or three feet. Q. To the point marked 'A'? A. Yes, sir. Q. Then what happened? A. He hit me and I never knew any more. Q. You were hit by what? A. An automobile."

The respondent further testified that, as he came down Third avenue, he looked to his left or the east and did not see any car approaching. This appears from the following excerpt from his testimony:

"Q. You didn't see this car at all before it struck you, did you? A. No, sir, I never did. Q. When you got to the point 'A' did you look to your left to see if there was any car coming? A. I all the time look to the left. Q. You looked to the left? A. Yes, sir. Q.

You looked up Yesler Way to see if a car was coming?
A. Yes, sir; all the time I look both ways, every time.
Q. You didn't see the car coming at all? A. No, sir.''

It thus appears from the respondent's own testimony that he was struck by the automobile just as he stepped from the curb to the street to cross to the Frye hotel. He says he looked to the left and did not see the car approaching. The lights of the automobile were burning and there was nothing to prevent his seeing the approaching car had he looked. If he had testified that he saw the car and nevertheless stepped into the street regardless of it and was struck, clearly he could not recover. The evidence shows that it was the right front of the car that struck him. A number of times this court has held that, when a person testifies that he looked and did not see an object, which plainly he could have seen, that he will not be heard to say that he looked and did not see. In other words, the situation is the same as though he had looked and seen the object. In principle this case cannot be distinguished from *Helliesen v. Seattle Electric Co.*, 56 Wash. 278, 105 Pac. 458; *Fluhart v. Seattle Electric Co.*, 65 Wash. 291, 118 Pac. 51; *McEvilla v. Puget Sound Tr., L. & P. Co.*, 95 Wash. 657, 164 Pac. 193; *Herrett v. Puget Sound Tr., L. & P. Co.*, 103 Wash. 101, 173 Pac. 1024. Under the rule of those cases, it must be held that the respondent was guilty of contributory negligence as a matter of law and this bars his recovery.

We have assumed up to this point that the appellant was guilty of negligence and the evidence was probably sufficient to take that question to the jury. Other witnesses for the respondent placed the accident to the west of the northwest corner of the intersection of the two streets mentioned; and if effect be given to these

facts, the case would be more unfavorable to the appellant than that made by his own testimony.

The case of *Johannessen v. Washington Water Power Co.*, 104 Wash. 182, 176, Pac. 8, is based upon a different state of facts and is not here applicable.

The judgment will be reversed, and the cause remanded with directions to the superior court to dismiss the action.

TOLMAN, C. J., BRIDGES, ASKREN, and PARKER, JJ., concur.