[No. 19922. *En Banc.* November 10, 1926.]

NORA HERSEY, *Appellant,* v. THE CITY OF SEATTLE, *Respondent.*[1]

[1] STREET RAILROADS (29, 30)—ACCIDENT AT CROSSING—NEGLIGENCE —CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. The negligence of a street railway company and the contributory negligence of a pedestrian, struck by a street car at a street intersection, are questions for the jury, where it appears that no warning signal was given of the approach of the street car, that the night was dark and misty and the lights dim, that the plaintiff was assisting an aged woman across a busy street intersection, occupied with watching vehicle traffic, and looked but failed to see any approaching street car and was struck just after crossing the tracks.

[2] NEW TRIAL (3-1)—APPEAL (488)—REMAND FOR FURTHER ACTION —RIGHT TO NEW TRIAL. Where the court granted defendant's motion for judgment notwithstanding the verdict for the plaintiff, the denial of an alternative motion for a new trial is error; and upon reversal of the judgment the trial court will be directed to pass upon the motion for a new trial.

Appeal from a judgment of the superior court for King county, Truax, J., entered January 16, 1926, dismissing an action in tort, upon setting aside a verdict for the plaintiff, after a trial on the merits before a jury. Reversed.

*Griffin & Griffin,* for appellant.

*Thomas J. L. Kennedy* and *Arthur Schramm,* for respondent.

PARKER, J.—The plaintiff, Mrs. Hersey, seeks recovery of damages for personal injuries which she alleges she suffered as the result of the negligent operation of one of the city's street cars. A trial upon the merits in the superior court for King county, sitting with a jury, resulted in a verdict awarding to Mrs. Her-

[1]Reported in 250 Pac. 467.

sey recovery in the sum of one thousand dollars. Counsel for the city timely moved for judgment notwithstanding the verdict, and, in the alternative, for new trial. The court granted the motion for judgment notwithstanding the verdict in favor of the city, and, in form, denied the city's motion for new trial. From this final disposition of the case Mrs. Hersey has appealed to this court.

The trial court seems to have rendered judgment in favor of the city upon the ground that Mrs. Hersey was, as a matter of law, guilty of contributory negligence, which became the proximate cause of her injuries for which she seeks recovery. We shall notice the facts as touching that ground for the judgment, and also as touching the question of the city being guilty of negligence.

Mrs. Hersey was injured by being struck by a southbound street car on the west track on East Lake avenue, at or near the southerly pedestrian crossing at the intersection of that avenue and the street running east and west, called Denny Way. During a misty evening after the coming of darkness, Mrs. Hersey, having in her care another frail woman about eighty years of age, got off a northbound street car when it stopped at the southerly crossing. They got off the car from the right hand rear door. This placed them a short distance south of the crossing and east of the car tracks. They started west across the car tracks past the rear of the car, about the time of, or soon after, it started. Mrs. Hersey was supporting and giving attention, as was apparently necessary, to her aged companion. She immediately looked north past the west side of the car before reaching the west car track. She did not see any car approaching from the north on that track, though there was a car approaching from the north upon that track, probably somewhere near the northerly pedes-

trian crossing. She had to give attention, not only to her aged companion, supporting her as they proceeded, but to possible vehicle traffic as well as the possible approach of a street car from the north, it being an intersection where there was usually considerable vehicle traffic.

When they had reached a point probably just west of the west rail of the west track, she was struck by the southbound car on that track and received the injuries for which she seeks recovery. She was picked up west of the west rail of that track, so it seems plain that she had passed almost beyond the path of that approaching car. There was no warning sound given from the approaching car, by bell or otherwise. The headlight of the car was dim. The car was moving at the rate of approximately eight miles per hour, according to the testimony of the motorman, and we have no other testimony on that question. It was stopped by the motorman when its front end was some twenty feet beyond where it struck Mrs. Hersey. Her failure to see the car, it seems, could, in the minds of the jurors, be accounted for by the misty condition of the atmosphere and the dimness of its headlight, as viewed from her position; the necessity of her giving attention to her aged companion; and her necessity, as she viewed the situation, of giving attention to other possible traffic. The evidence is not free from conflict; but we think the jurors were warranted in believing, and evidently did believe, the situation and occurrences of the occasion to be substantially as we have thus summarized them.

[1] Counsel for the city rely upon some general observations made by us in previous decisions, such as that,

"Where one passes from behind or in front of an object and steps into the pathway of an approaching vehicle, without taking any precaution for his own

safety, he is guilty of contributory negligence;" *Deets v. Tacoma Railway & Power Co.*, 128 Wash. 210, 222 Pac. 480;

and that,

"When a person testifies that he looked and did not see an object, which plainly he could have seen, he will not be heard to say that he looked and did not see. In other words, the situation is the same as though he had looked and seen the object." *Silverstein v. Adams*, 134 Wash. 430, 235 Pac. 784.

We do not think these general rules are controlling in the situation here drawn in question, as the jury were warranted in viewing it. The misty condition of the atmosphere, the apparent dimness of the lights upon the approaching car, Mrs. Hersey's required attention to her aged companion and to other conditions, we think, present a case where it cannot be said, as a matter of law, that Mrs. Hersey was guilty of contributory negligence; but made that a question for the jury to decide. The absence of some warning sound, by bell or otherwise, from the approaching car, in view of the dim light, surrounding conditions, and the fact that the accident occurred almost upon a pedestrian crossing, also render the question of the negligence of the operation of the car one for the jury to decide. Under all the circumstances, we are of the opinion that the minds of reasonable persons might differ in arriving at conclusions upon both of these questions, and, therefore, both of them were for the jury to decide.

[2] We have noticed that, in form, the trial court denied the city's alternative motion for a new trial. The awarding of judgment to the city notwithstanding the verdict was, of necessity, a final disposition of the case by the trial court, rendering, as the case then stood, wholly unnecessary and of no moment the denial of the city's motion for new trial. Indeed, the entering

of such final judgment put the case in such a situation that the court then had no occasion or power to award or deny the alternative motion for a new trial, and therefore the order of the court upon that question was an assumed disposition of a question that was no longer before the court. We have held that the question of a new trial brought into the case in the alternative to a motion for judgment notwithstanding the verdict leaves the question of new trial still open for disposition by the trial court upon the reversal of the judgment notwithstanding the verdict. *Paich v. Northern Pac. R. Co.,* 86 Wash. 379, 150 Pac. 814; *Paich v. Northern Pac. R. Co.,* 88 Wash. 163, 152 Pac. 719; *Goldsby v. Seattle,* 115 Wash. 566, 197 Pac. 787.

We conclude that the judgment notwithstanding the verdict must be reversed, and the cause remanded to the superior court with directions to pass upon the city's alternative motion for new trial and take such further proceedings as the disposition of that motion may call for. It is so ordered.

All concur.