[No. 30748. Department Two. December 27, 1948.]

JOHN L. McCLELLAN et al., Respondents, v. GREAT WESTERN FUEL COMPANY et al., Appellants.[1]

Paine, Lowe & Coffin and Cashatt & Turner, for appellants.

A. W. Dolphin, for respondents.

MALLERY, C. J.—The plaintiffs brought an action to recover damages resulting from a motor vehicle collision. From a judgment based on the verdict of the jury, the defendants appeal.

On February 3, 1947, at about 11:45 a. m., the respondents were driving westerly on Pacific avenue in the city of Spokane in an International half-ton panel truck. The day was clear, cold, and dry. The facts most favorably stated for the respondents are that, when they approached the intersection of Pacific avenue with Haven street, they looked to the right at a place where a row of trees extending the entire block between the sidewalk and the curb on Haven

[1]Reported in 201 P. (2d) 221.

street obscured their view of its easterly half. Haven street is paved and is twenty-six feet wide. It intersects Pacific avenue at right angles. They saw nothing approaching and proceeded into the intersection, where they collided with the oil truck of the appellants. This truck was twenty-two feet over all in length and seven feet, three inches wide. The appellants' truck had been driving south on Haven street and thus had the right of way, neither street being an arterial highway.

The appellants concede the negligence of its truck driver in that the truck was traveling too fast and was not on its right side of the street. The testimony shows that the line of travel of the left wheels of appellants' truck was eight feet from the left curb line of the street, which would bring the right side of the truck only about two feet over on its own right-hand side of the street. The center line of the street was unmarked.

The respondents were guilty of contributory negligence as a matter of law in not yielding the right of way to the appellants. The respondents attempt to justify their violation of the right of way statute by contending that they had a right to assume that traffic from their right would be on its proper side of the street, where it could be seen from the position whence they looked to the right, and that they had no duty to ascertain that no vehicle was simultaneously approaching the intersection on the obscured and wrong half of the street.

This argument would be quite persuasive if it were sustained by the facts in the case, but we think they cannot be heard to say that they had no duty to see the appellants' truck because most of it was on the wrong side of the street; since, if they saw the part of the truck that was in its own right-hand lane, they would have been aware of its presence and its right to the right of way. See *Silverstein v. Adams,* 134 Wash. 430, 235 Pac. 784; *Strouse v. Smith,* 166 Wash. 643, 8 P. (2d) 411; *Chess v. Reynolds,* 189 Wash. 547, 66 P. (2d) 297; *Hauswirth v. Pom-Arleau,* 11 Wn. (2d) 354, 119 P. (2d) 674; *Bleiler v. Wolff,* 23 Wn. (2d) 368, 161 P. (2d) 145;

*Plenderlieth v. McGuire,* 27 Wn. (2d) 841, 180 P. (2d) 808.
 ■ This same factor defeats their further contention that they have a right to invoke the rule of *Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533, upon the ground that they were deceived by the truck "stalking" the respondents by slipping down in the hidden half of the street. See *Boyle v. Lewis,* 30 Wn. (2d) 665, 193 P. (2d) 332; *Calvert v. Seattle,* 23 Wn. (2d) 817, 162 P. (2d) 441. Some part of appellants' truck was there to be seen on its right side of the street, and they cannot claim they were deceived when they did not see the part they had a duty to see. Neither can they claim that an emergency existed because of their failure to see that which was to be seen which would soften the rules of contributory negligence.

It is unnecessary to discuss the assignments of error touching instructions, since they involve no novel points of law and the case is not being remanded for a new trial.

The respondents were guilty of contributory negligence as a matter of law.

The judgment is reversed.

ROBINSON, SCHWELLENBACH, and HILL, JJ., concur.

SIMPSON, J., concurs in the result.

---

February 15, 1949. Petition for rehearing denied.