## THOMPSON v RUTLEDGE

Ohio Appeals, 6th Dist, Lucas Co

No 2100. Decided January 21, 1929

Marion W. Bacome, Toledo, for Thompson.

Eldon H. Young, Toledo, for Rutledge.

RICHARDS, J. .

There can be no question that a motion for judgment notwithstanding the verdict should be determined upon a consideration of the averments of the pleadings, and the court in disposing of such motion can not consider the record outside of the pleadings. Neither can there be any question under the Code but that this motion is available to either party when the state of the pleadings is such as justifies it. **Baltimore & Ohio R. R. Co. vs. Nobil, 85 Ohio St., 175.**

The answer sets up nothing except that which could be shown under a general denial and therefore the motion of the defendant in effect assails the sufficiency of the petition. We therefore turn to the petition to ascertain from its averments whether a case is stated in that pleading. The plaintiff avers, among other things, that the defendant represented to him in January, 1923, that he was authorized to enroll plaintiff and would enroll him in the Nesmith College of Chiropractic, claimed by him to be in operation at Deshler, Ohio, and that he was authorized to give plaintiff a complete course in the Nesmith system of Chiropratic which would require a period of about three years' study and that at the completion thereof he would receive a diploma issued by the University of the Potomac entitling him to use the degree of Doctor of Chiropratic. The petition further avers that Rutledge represented that Nesmith, the alleged proprietor and Dean of the Nesmith College of Chiropractic at Deshler, was operating under a charter from the University of the Potomac as a branch thereof. All these representations are averred to have been false and untrue and that Nesmith had no school of chiropractic at Deshler and that he and Rutledge had no connection with the University of the Potomac and at no time was either of them in position to give plaintiff a degree or diploma from said school. He avers that these representations were known by the defendant to be false and that plaintiff relied on them, and relying on them, paid to the defendant $600.00, and in addition expended time and money by reason of the false representations.

After a careful examination of the petition, this court is convinced that it states a good cause of action.

It is urged, on behalf of the defendant, and the decision of the trial court was doubtless based upon the theory, that the petition discloses representations and transactions in violation of the statutes of Ohio, and therefore the plaintiff would not be entitled to recover. We do not so read the petition. Nowhere does it appear that the defendant represented that he would train and equip plaintiff so that he would be entitled to a certificate to practice Chiropractic or any other form of healing art, nor that he would be prepared for admission to the examination conducted by the state medical board for such purposes. For anything that appears in the petition, the plaintiff may never have intended to practice any form of medicine in Ohio or elsewhere. He may have been interested in chiropractic and desired to acquire what knowledge he could along that line. Certainly he would be entitled, if he applied himself to the study and equipped himself to receive a diploma from the University of the Potomac, to have received such diploma and that would not be in violation of any statute. The plaintiff may have desired the diploma for such use as it might serve him in some other state than Ohio, or he may have desired it for what value it would be to him as a teacher of chiropratic.

It is true that the petition avers that the defendant represented that in one year to eighteen months he would take plaintiff into his office in Toledo, where he would be able to earn $100.00 or more per month. That is not equivalent to an averment that as a result of these studies he would be entitled to practice the art of chiropractic. He may have been expecting to be taken into the defendant's office as a bookkeeper or a clerk. Indeed, the petition does not even allege that the defendant was engaged in his office or elsewhere in practicing chiropractic.

Finding that the petition contains averments sufficient to constitute a cause of action, and that it does not appear from the pleadings that the representations and proposed transaction constituted a violation of law or a scheme to violate the law, the judgment non obstante veredicto will be reversed and the cause remanded.

The situation of the record is such that it becomes important to determine the purpose for which the cause is remanded.

The judgment non obstante veredicto being erroneous and unauthorized, and the motion for a new trial not having been disposed of on its merits, it would seem to follow that said motion should now be acted upon by the trial court and disposed of on its merits. To remand the case for the rendition of a judgment on the verdict would not accomplish justice, because the defendant Rutledge has never had the judgment of the trial court upon the merits of his motion for a new trial.

The judgment will be reversed and the cause remanded for furhtre proceedings, such proceedings to consist, in the first instance, of a ruling on the motion for a new trial on its merits.

Williams and Lloyd, JJ, concur.