## FULTON v
## STRUTHERS IRON & STEEL CO

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 19, 1934

Harrington, Huxley & Smith, Youngstown, for plaintiff in error.

Henderson, Wilson, Mason & Wyatt, for defendant in error.

KLINGER and GUERNSEY, JJ (3rd Dist) sitting by designation.

## OPINION

By GUERNSEY, J.

In his petition in error the plaintiff in error assigns the following grounds of error:

1. The court erred in failing and refusing to pass upon the motion of the defendant in error for a new trial before passing upon its motion for judgment n.o.v.

2. The court erred in failing and refusing to overrule the motion of the defendant in error for a new trial.

3. The court erred in sustaining the motion of defendant in error for judgment n.o.v., and in rendering judgment thereon for costs in favor of the defendant in error notwithstanding the verdict of the jury in favor of this plaintiff in error.

The first two grounds of error will be considered together, and the third ground of error will then be considered.

Where a motion for a new trial and a motion for judgment notwithstanding the verdict are filed at the same time, or in the alternative, it is the proper procedure for the court to rule on the motion for judgment notwithstanding the verdict before ruling on the motion for a new trial. Note 16a, 46 C. J., 66.

In case the motion for judgment notwithstanding the verdict is granted, such judgment is a final disposition of the case, depriving the court of power to grant or deny motion for new trial. Motion for new trial remains open for disposition by trial court on reversal of judgment notwithstanding verdict. Hersey v City of Seattle, Supreme Court of Washington, Nov. 10, 1926, 250 Pac., 467. Applying these rules to the case at bar, it appears that the court properly exercised its jurisdiction in ruling on the motion for judgment notwithstand-

ing the verdict before ruling on the motion for new trial, and that the motion for new trial remains open for disposition by trial court in case of reversal of the judgment notwithstanding the verdict.

The plaintiff relies on the case of **Parker v Smith, 5 O. Dec., Reprint, at page 560**, as stating a rule contrary to the rule above mentioned. It would appear that the proper disposition of that case would have been to hold that the granting of a motion for new trial operates as a denial of a judgment notwithstanding the verdict, as after the motion for new trial is granted there remains nothing upon which a motion for judgment notwithstanding the verdict could operate. If this case is considered an authority contrary to the rules above announced, we prefer the reasoning in the Washington cases above cited to the reasoning in this case, and do not feel in any way constrained to follow the decision in 5 O. Dec. Reprint, supra.

This disposes of the first two assignments of error and we will now consider the third assignment.

It was held in the case of **Thompson v Rutledge, 32 Oh Ap 537, (7 Abs 461)**, as well as in other cases in this state, that motion for judgment notwithstanding the verdict should be determined on a consideration of the averments of the pleadings, so our consideration of this question will be confined to the petition, the answer being by way of a general denial.

Among other things, it is alleged in the amended petition that a Bondholders Protective Committee was formed, (for the Struthers Furnace Company, an Ohio corporation) which incurred certain expenses and liabilities, among them the depositary fees formerly due the Guardian Trust Company and now due this plaintiff; that the defendant, The Struthers Iron & Steel Company, is a corporation duly organized under the laws of Ohio for the purpose of acquiring the assets of said The Struthers Furnace Company, pursuant to the plan of reorganization prepared by the said Bondholders Protective Committee and thereafter adopted in its entirety by the interested parties, including this defendant. That on the 3rd day of February, 1928, an account for services rendered as depositary was stated between The Guardian Trust Company and the said Bondholders Protective Committee, in which the sum of $3,144.78 was found to be due from said Committee to said The Guardian Trust Company, and that this defendant, by the adoption and ratification of the said plan of reorganization, assumed and agreed to

pay all of the expenses of the said Bondholders Protective Committee, and among them the said fees to said The Guardian Trust Company, in the sum mentioned.

Giving these allegations the liberal construction which is required in passing upon a motion for judgment on the pleadings notwithstanding the verdict, it appears that indebtedness on a stated account was due from the Bondholders Protective Committee to the plaintiff, and that the defendant was duly organized for the purpose of acquiring assets of the Struthers Furnace Company, pursuant to the plan of reorganization prepared by said Bondholders Protective Committee, and thereafter adopted in its entirety by the interested parties, including the defendant, and that the defendant, by the adoption and ratification of said plan of reorganization assumed and agreed to pay said amount due from said Bondholders Protective Committee to plaintiff. This petition, liberally construed, states a cause of action against the defendant arising from its assumption and agreement to pay the amount due plaintiff from said Bondholders Committee. As it states a cause of action, the motion for judgment notwithstanding the verdict should not have been granted, and it was error prejudicial to the plaintiff for the court to grant same, and said judgment should be reversed and the cause remanded for further proceedings according to law.

This case was apparently tried on the theory that the allegations of the petition established a stated account as between the plaintiff and the defendant. An account stated is a remedy provided for suit on an account. It must be based on an account and consequently is applicable only to such items as are ordinarily the subject of an account; that is, goods sold, money loaned or services rendered by the creditor to the debtor. The liability of the defendant in the case at bar is not based on the account as an account, but upon the contract of the defendant to assume and pay the account of another, and consequently the plaintiff is not entitled to maintain suit on its claim as an account stated.

Holding these views, the judgment of the trial court will be reversed, and the cause remanded for further proceedings according to law.

Judgment reversed.

ROBERTS and KLINGER, JJ, concur in the judgment.